234 So.2d 527 (1970)
Robert PREJEAN, Plaintiff-Appellee,
v.
The TRAVELERS INSURANCE COMPANY, Defendant-Appellant.
No. 3047.
Court of Appeal of Louisiana, Third Circuit.
April 23, 1970.
Rehearing Denied May 13, 1970.
Caffery, Duhe & Davis, by John M. Duhe, Jr., New Iberia, for defendant-appellant.
J. Burton Willis, St. Martinville, for plaintiff-appellee.
*528 Before HOOD, CULPEPPER, and MILLER, JJ.
MILLER, Judge.
Robert Prejean seeks additional medical expenses under a policy of workmen's compensation insurance issued by Travelers to J. Ray McDermott & Co., Inc., Prejean's employer. The trial court awarded plaintiff additional medical and attorney's fees, and defendant appeals to this court.
The facts are not disputed. Defendant issued a workmen's compensation policy to plaintiff's employer which included excess medical coverage beyond the $2,500.00 statutory maximum. On December 7, 1959, plaintiff was injured within the scope of his employment with McDermott and defendant Travelers paid compensation at the rate of $35.00 per week for 400 weeks until August 4, 1967, covering a period through August 12, 1967.
During the 400 week period and for one year thereafter defendant paid medical expenses totalling $4,032.54, the last medical payment being February 27, 1969. Subsequently plaintiff presented drug bills to defendant which were incurred more than one year after the last payment of compensation and defendant refused to pay. Plaintiff filed suit on August 5, 1969 seeking payment of these drug bills and reservation of his right to claim future medical expenses, together with penalties and attorney's fees under LSA-R.S. 22:658.
The issue is whether plaintiff's suit for excess medical expenses brought more than one year after the last compensation payment but less than one year after the last furnishing of medical is prescribed.
Both plaintiff and defendant cite the case of Brown v. Travelers Insurance Company, 247 La. 7, 169 So.2d 540 (1964). On January 11, 1954, Brown suffered a stroke during the course of his employment. He was paid compensation for 400 weeks or a total of $12,000.00 and his employer furnished $1,720.16 in medical expenses during that time but refused to furnish any medical beyond the 400 week period. Brown contended he was entitled to medical expenses up to $2,500.00 and the Supreme Court agreed, giving a thorough discussion of the problem and the law, as follows:
"The next question for our determination is that of the period of time during which an employer and/or his insurance carrier can be held liable for medical expenses. LSA-R.S. 23:1203 provides:
`The employer shall in every case coming under this Chapter furnish reasonable medical, surgical and hospital services and medicines or any nonmedical treatment recognized by the laws of this state as legal not to exceed twenty-five hundred dollars in value, unless the employee refuses to allow them to be furnished by the employer."
"The above statute sets forth that medical expenses must be reasonable and cannot exceed $2,500.00. It expresses no time limit for making a demand for such expenses; our jurisprudence, however, has held that a demand for medical expenses can be independently asserted, and that such demand is controlled by the general prescription provisions of the Workmen's Compensation Law. Brown v. Travelers' Ins. Co., La.App., 146 So. 774, 149 So. 290; Cook v. International Paper Co., La.App., 42 So.2d 558. In LSA-R.S. 23:1209, we find that where payment has been made (such as was done in the instant matter), limitation shall not take effect until the expiration of one year from the time of making the last payment. Herein, suit was filed on August 6, 1962; the last compensation payment was made to plaintiff on approximately September 14, 1961, and the last payment for medical expenses was made on approximately November 6, 1961.
"No prescription has run against plaintiff. He has received medical expenses of only $1,720.16, being entitled under *529 certain conditions to the maximum of $2,500.00, Vautrot v. Maryland Casualty Co., La.App., 32 So.2d 500; thus, only if the Workmen's Compensation Law limits the payment of medical expenses to a period of four hundred weeks, the maximum period for receiving total disability payments, can he be deprived of the medical expenses he seeks.
"Defendant argues that medical expenses paid are payments of compensation, and that such medical expense payments must cease when compensation ceases.
"Certainly, the right to claim medical expenses incurred as the result of an injury suffered during the course of employment has no existence independent of the Workmen's Compensation Law, but such claim is not necessarily dependent upon satisfactory proof of a right to compensation. Malone, Louisiana Workmen's Compensation Law and Practice, Page 365, Section 285. Neither the furnishing of medical services nor payments by the employer or his insurance carrier shall constitute an admission of liability for compensation under the Workmen's Compensation Law. LSA-R.S. 23:1204.
"We are impelled to conclude that under the Workmen's Compensation Law of Louisianaunlike the statutes of some of our sister states, 99 C.J.S. Workmen's Compensation § 266a, page 916medical expenses as set forth in LSA-R.S. 23:1203 are not constituted a part of compensation.
"Nowhere in the Workmen's Compensation Law is there any provision that an allowance may be made to an injured workman for future medical expenses. However, herein the ends of justice require that plaintiff's right to assert his claim in the future for whatever amounts he may incur for treatment and medication (so long as they do not exceed the prescribed maximum and are the result of the stroke suffered) should be reserved unto him. Bickham v. Lester J. Danner, Inc., La.App., 86 So.2d 564. Our courts have consistently reserved the right of an injured workman to claim medical expenses which arise in the future. Boykin v. We Hope Gas & Oil Co., La.App., 2 So.2d 528; Rosenquist v. New Amsterdam Casualty Company, La.App., 78 So.2d 225; Gisevius v. Jackson Brewing Co., La.App., 152 So.2d 231. Such holdings would indicate that as long as such claims are not beyond the statutory maximum and the requirements of LSA-R.S. 23:1209 are met, there is no time limitation for assertion of the right to medical expenses.
"We find nothing in the Workmen's Compensation Law setting forth the limitation which defendant would have us impose; we do not find from our study of the statute that the Legislature intended to impose such a restriction. If the Legislature desires to impose a time limitation whereby demands for medical expenses arising from an accident suffered during the scope and course of employment may be asserted under facts similar to those with which we are confronted, it may so express its legislative will."
We agree with the scholarly opinion of the trial judge that the Brown case is controlling here. It is quite true that Brown filed suit within one year of the last compensation payment, but it is also true that Brown filed suit within one year of the last medical payment and the Supreme Court makes mention of both of these facts in its opinion.
The trial judge's logical analysis reasons that:
"It necessarily follows that if the prescriptive provisions of LSA-RS 23:1209 are to be applied to claims for medical expenses independently asserted and if as determined by the Court in the Brown case medical and related expenses are not constituted a part of compensation and the right of an injured employee to either is not dependent upon the proof of his right to the other, the term "Payment" *530 as used in Section 1209 must and can only refer to the payment of the particular benefit under the act which the injured workman seeks. To decide otherwise and adopt defendant's contention would be to place a time limit upon an injured workman's right to demand medical expenses in direct opposition to the decision of the highest Court of this State."
At the time of this accident LSA-R.S. 23:1203 required the employer to furnish medical expenses up to a maximum of $2,500.00. In this case defendant, Travelers, had already furnished medical expenses in the amount of $4,032.54. However the policy had an excess medical coverage endorsement and plaintiff seeks the benefit of this additional coverage up to the limits of $10,000.00 in medical expenses. We agree with the trial court that he is entitled to the additional medical coverage. The only recovery being sought is for medical expenses, thus the "payment" necessary to interrupt prescription under LSA-R.S. 23:1209 is a medical payment. The suit was filed less than a year from the last medical payment and therefore was timely.
The trial court correctly characterized this excess medical endorsement as a contract for the benefit of third persons, or a stipulation pour autri, enforceable directly against defendant. Since it has not been urged, we pretermit consideration of the excess medical policy as a contract governed by the prescriptive period of 10 years. See Civil Code Article 3544 and Booth v. Fireman's Fund Insurance Company, 253 La. 521, 218 So.2d 580 (1969).
The trial court awarded plaintiff $400.00 for attorney's fees under LSA-R.S. 22:658 finding the refusal to pay medical arbitrary, capricious, and without probable cause. We are constrained to disagree with the trial judge on this point. We find a legitimate issue here. The defendant was not arbitrary in its refusal to pay additional medical.
Accordingly, the judgment of the trial court ordering defendant to pay medical expenses incurred as a result of the accident occurring on December 7, 1959 which have accrued or will hereafter accrue up to the balance of $5,967.46 is affirmed and the judgment awarding $400.00 attorney's fees is amended so as to delete the attorney's fees and as amended is affirmed. Defendant-Appellant shall pay all costs of appeal.
Amended and affirmed.

On Application for Rehearing.
En Banc. Rehearing denied.