247 So.2d 135 (1971)
Dorothy M. ROWLEY
v.
LUMBERMENS MUTUAL CASUALTY COMPANY, et al.
No. 4368.
Court of Appeal of Louisiana, Fourth Circuit.
April 5, 1971.
Rehearing Denied May 10, 1971.
Writ Refused June 21, 1971.
Wilmer Glauner Hinrichs, New Orleans, for Dorothy M. Rowley, plaintiff-appellant.
Gordon F. Wilson, Jr. of Hammett, Leake & Hammett, New Orleans, for Lumbermens Mutual Casualty Co. and Aetna Casualty and Surety Co., defendants-appellees.
Before CHASEZ, GULOTTA, and BOUTALL, JJ.
CHASEZ, Judge.
Plaintiff-appellant, Dorothy M. Rowley, was injured on September 29, 1967, while in the course and scope of her employment. She was paid compensation benefits through December 1, 1967. On December 28, 1967 she was reimbursed for medical expenses incurred by her as a result of the injury. Her petition was filed December *136 27, 1968, within one year of the last medical payment, but more than one year from the last weekly benefit payment.
Plaintiff's suit was met with an exception of prescription of one year which was maintained by the trial judge and from which plaintiff has appealed.
Plaintiff argues to this court that the article covering prescription of compensation claims, LSA-R.S. 23:1209, requires that a claim be made within one year of the last payment and that the word "payment" should include either the last weekly benefit "payment" or the last medical "payment." In other words, plaintiff argues that the payment of medical expenses interrupts the running of prescription, a contention clearly contrary to the jurisprudence of our state.
It has long been held that a payment of medical expenses will not serve to interrupt prescription as to a compensation claim. Devillier v. Hartford Accident & Indemnity Co., La.App., 219 So.2d 338 (1st Cir. 1969); writ refused 253 La. 1087, 221 So.2d 519. Davis v. Brown's Velvet Dairy Products, La.App., 43 So.2d 266 (Orleans Appeals 1949). There are various reasons for such a holding. R.S. 23:1203 requires the employer to furnish medical care to the employee. However, 23:1204 provides:
"Neither the furnishing of medical services or payment by the employer or his insurance carrier shall constitute an admission of liability for compensation under this Chapter."
The reasons for these requirements are as enunciated and Mr. Wex Malone in his treatise states: "This is probably for the purpose of encouraging the employer to furnish medical assistance in all cases without fear that by so doing he may prejudice his position with respect to a possible compensation claim." Malone, Louisiana Workmen's Compensation, Section 384, page 500.
The right to claim medical expenses does not depend on a valid workmen's compensation claim. In Brown v. Travelers Insurance Company, 247 La. 7, 169 So.2d 540 (1964), the Supreme Court stated:
"Certainly, the right to claim medical expenses incurred as the result of an injury suffered during the course of employment has no existence independent of the Workmen's Compensation Law, but such claim is not necessarily dependent upon satisfactory proof of a right to compensation. * * *"
The Supreme Court further concluded in the Brown case, supra, that medical expenses are not to be considered as a part of compensation but a separate entity. If medical payments form no part of compensation benefits, how can it be said that payment of medical expenses will interrupt prescription as to compensation benefits?
Since the claim for medical expenses does not exist outside the Compensation Statute, it follows that the time within which to claim medical expenses must also be governed by the Statute. Any claim for medical expense must be brought within one year of the last medical payment. See Prejean v. Travelers Insurance Company, La.App., 234 So.2d 527 (3rd Cir. 1970).
In the case at bar the claim for compensation benefits has clearly prescribed, the claim for medical payments has not. If the prescriptive provisions of R.S. 23:1209 are to be applied to claims for medical expenses independently asserted and if as determined by the Court in the Brown case medical and related expenses are not constituted a part of compensation and the right of an injured employee to either is not dependent upon the proof of his right to the other, the term "payment" in section 1209 must refer to the payment of the particular benefit the injured workman seeks. See Prejean v. Travelers Insurance Company, supra. Since plaintiff's petition prayed for compensation benefits and medical expenses, *137 the judgment maintaining the exception of prescription with respect to medical payments is incorrect and must be reversed.
Plaintiff additionally argues to this Court that prescription has not run, based on a statement in a letter from one examining physician to another that, "* * * she (plaintiff) seems to have considerable functional overlay to the symptoms * * *" The date of the letter was January 29, 1968. Plaintiff argues that since this diagnosis shows that the injury did not manifest itself until that time, suit was timely filed. However, plaintiff has overlooked the fact that at the trial counsel for defendant objected to the introduction of medical reports after December 28, 1967 and especially to this one because it was hearsay evidence. The trial judge was disposed to maintain the objection, but on argument by counsel for plaintiff that the suit was also for medical expenses and that the reports should be allowed into evidence, at least for the purpose of showing there were subsequent medical expenses. The trial Court then allowed them into evidence not for the truth of the matter contained in the reports, but only to show that there were medical expenses incurred after December 28, 1967. Based on the hearsay objection, the reports were properly excluded and plaintiff cannot now rely on the report as the truth of the matter in an attempt to defeat prescription because the evidence was clearly hearsay and is not presently before this Court.
For the assigned reasons, the judgment maintaining the exception of prescription with regard to compensation benefits is affirmed. That portion of the judgment maintaining defendant's plea of prescription with reference to medical expenses is reversed and the case is remanded to the lower Court for whatever consideration as may be deemed necessary by the parties.
Affirmed in part, reversed in part, and remanded.