HOOD, Judge.
Plaintiff, Ray D. Landreneau, seeks to have this workmen’s compensation case reopened under the provisions of LSA-R.S. 23:1331, alleging as grounds therefor that he is still disabled. The trial court rendered judgment rejecting plaintiff’s demands, and plaintiff has appealed.
The sole issue presented is whether plaintiff has the right, under the circumstances presented here, to have this case reopened under LSA-R.S. 23:1331.
Landreneau injured his back on November 5, 1971, while working for Hudson East General Contractors. He instituted suit for workmen’s compensation benefits against his employer’s insurer, Liberty Mutual Insurance Company, and judgment was rendered by the trial court on November 16, 1972, awarding him compensation benefits in the amount of $49.00 per week from November 17, 1971, until May 14, 1973, subject to a credit for payments previously made. A formal decree was read and signed in open court by the trial judge on November 22, 1972.
Defendant paid all of the weekly compensation benefits owed under the above mentioned judgment, the last payment having been made on or about May 14, 1973. No other weekly compensation benefits have been paid since that time.
On November 14, 1973, plaintiff filed a petition in the district court alleging that he is still disabled, and that he thus is entitled to have the case reopened under LSA-R.S. 23:1331 and to have the original judgment amended to order defendant to resume the payment of weekly compensation benefits. A rule was issued pursuant to the prayer contained in that petition directing defendant to show cause why the case should not be reopened, and after trial judgment was rendered by the trial court rejecting plaintiff’s demands. The trial judge held that plaintiff was not entitled to have the case reopened under the cited statute, because the judgment which he seeks to have amended awarded him compensation benefits for a period of less than six months from and after the date on which that judgment was rendered.
The pertinent part of LSA-R.S. 23:1331 reads:
“At any time six months after the rendition of a judgment of compensation, a judge of the trial court that rendered the judgment shall review the same upon the application of either party for a modification thereof, on the grounds that the incapacity of the employee has been subsequently diminished or increased, or that the judgment was obtained through error, fraud,' or misrepresentation. In such cases the provisions of R.S. 23:1121 through R.S. 23:1124 with reference to medical examinations shall apply.”
The issues presented in Ryan v. Bellows Construction Corporation, 151 So.2d 508 (La.App. 4 Cir. 1963), are almost identical *461 to those presented here. In the Ryan case judgment was rendered on June 21, 1961, awarding Ryan compensation benefits for 65 weeks from September 18, 1960. When that judgment was rendered, compensation benefits for 39 weeks had already accumulated, and the compensation due for an additional 26 weeks, or exactly six months, became due and payable after the judgment was signed. The defendant paid all of the compensation benefits owed under that judgment, the last payment having been made on December 18, 1961. Nine days later, on December 27, Ryan filed a petition to reopen the case under LSA-R.S. 23:1331 on the ground that he was still disabled. The trial court rejected that demand of Ryan, and the Court of Appeal, Fourth Circuit, affirmed, basing its decision largely on Lacy v. Employers Mutual Liability Ins. Co. of Wis., 233 La. 712, 98 So.2d 162 (1957). In Ryan, the reviewing court said:
“It is thus clear that for a judgment awarding compensation to be reopened and modified under LSA-R.S. 23:1331, the duration of the plaintiffs disability must be fixed for a period of time in excess of six months from the date- the judgment was rendered, and the judgment must not have been extinguished by payment at the time the modification is sought. Gaspard v. Fidelity & Casualty Co. of New York, La.App., 109 So.2d 278.
“Under this interpretation it is readily seen that the lower court was not in error when it refused to reopen the judgment. The compensation period was 65 weeks, 39 of which were awarded for disability prior to the judgment. Thus, exactly six months (26 weeks) of payments were allotted to disability after the judgment. Since the period of disability fixed by the court did not exceed six months from the date the judgment was rendered, the interpretation of LSA-R.S. 23:1331 given by the Supreme Court in the Lacy case precluded the lower court from modifying its prior award.” (Emphasis added).
In the Lacy case, supra, judgment was rendered by the trial court on December 21, 1955, awarding plaintiff compensation benefits for a period of 21 weeks, beginning on June 10, 1954, and ending about November 11, 1954. The defendant appealed, and the reviewing court affirmed that judgment. The defendant then paid the full amount due under that judgment. In June, 1955, Lacy filed a petition in the district court alleging that his condition was worse and praying that the case be reopened under LSA-R.S. 23:1331. The trial court rejected plaintiff’s demand, and its judgment to that effect was affirmed by the Court of Appeal, Fourth Circuit. Writs wére granted, and the Supreme Court affirmed the judgment of the Court of Appeal. In that case the Supreme Court said:
“From our interpretation of R.S. 23:1331, which we believe to be fortified by the above cited adjudications, the following conclusions seem inescapable
“(3) that, in cases where the judgment of the trial court fixes with definiteness the duration of the employee’s incapacity to work to be a period of less than six months from the date of its rendition, such a judgment is not within the purview of R.S. 23:1331 and may not be modified under allegations that the incapacity resulting from the accident has since increased or diminished.”
The above mentioned rule was recognized in McGee v. Augenstein Construction Company, 147 So.2d 889 (La.App. 3 Cir. 1962), and in Jackson v. Allied Chemical Corporation, 259 So.2d 664 (La.App. 1 Cir. 1972).
Plaintiff argues that the rule applied in the above mentioned cases is not applicable here, because in most of the cited cases the employee had recovered from *462 his disability before the date of the trial, whereas in the instant suit the court recognized that plaintiff was still disabled at the time of the trial. It is true that in most of the cited cases the court found that the employee had recovered from his disability before the judgment awarding compensation benefits was rendered. That circumstance did not exist in the Ryan case, however, and we agree with the reasons assigned by the Fourth Circuit Court of Appeal in that case. Also, the language used by our Supreme Court in the Lacy case, supra, indicates that LSA-R.S. 23:1331 is not applicable in any instance where the judgment fixes the duration of the employee’s disability at “less than six months from the date of its rendition.” We thus find no merit to this argument of plaintiff.
Plaintiff argues further that he is entitled to have the case reopened because the defendant had not paid all of the medical expenses due him up to the time the petition to reopen the case was filed. His argument is that the judgment awarding compensation benefits had not been discharged and extinguished at the time the modification was sought, and that the ruling in the above cited cases thus permits him to have the case reopened, or at least that it does not preclude him from doing so.
Our jurisprudence is settled that medical expenses do not constitute a part of “compensation,” as that term is used in the Workmen’s Compensation Act. Brown v. Travelers Insurance Co., 247 La. 7, 169 So.2d 540 (1964); Blanchard v. Liberty Mutual Insurance Co., 280 So.2d 592 (La.App. 3 Cir. 1973) ; Rowley v. Lumbermens Mutual Casualty Co., 247 So.2d 135 (La.App. 4 Cir. 1971); Prejean v. Travelers Insurance Co., 234 So.2d 527 (La.App. 3 Cir. 1970). In view of that jurisprudence, we hold that the fact that the defendant in this case may have failed to pay all of the medical expenses due the injured employee, if indeed all medical expenses have not been paid, would not in and of itself entitle plaintiff to have the case reopened under LSA-R.S. 23:1331, especially since all weekly compensation benefits awarded to the plaintiff by the district court have been paid, and the judgment thus has been extinguished as to that part of the award.
Plaintiff contends, finally, that the trial court, in its discretion, could have provided in the judgment awarding compensation benefits that either party could reopen the case within six months, and he argues that the court abused its discretion in failing to include such a provision in its original judgment awarding compensation to plaintiff. We find no abuse of discretion on the part of the trial court in failing to include such a stipulation in its judgment. The judgment decreed with definiteness that the duration of the employee’s incapacity to work would be less than six months from the rendition of the judgment. Plaintiff had the right to appeal from that judgment, and he thus could have had the case reviewed by an appellate court if he had chosen to do so. We believe LSA-R.S. 23:1331 is intended to provide a procedure for reopening and reviewing cases when the duration of the disability cannot be determined with definiteness or where the disability apparently will continue for a relatively long period of time. If the court determines with definiteness that the period of disability will be relatively short, not exceeding six months, then we think the employee has an adequate remedy by appeal. We do not feel that the trial judge abused his discretion in failing to decree that plaintiff could reopen this particular case within six months after the rendition of the judgment. Even if such a provision had been included in the judgment, it would not have benefitted plaintiff here, because the petition to reopen this case was not filed until almost one year after the judgment awarding compensation benefits had been rendered.
Our conclusion is that plaintiff does not have the right to have this case reopened under LSA-R.S. 23:1331, under the circumstances presented here, and that there *463 thus is no error in the judgment of the trial court.
The judgment appealed from is affirmed. The costs of this appeal are assessed to plaintiff-appellant.
Affirmed.
DOMENGEAUX, J., concurs and assigns written reasons.
FRUGÉ, J., dissents with written reasons.