331 So.2d 127 (1976)
John R. ANCELET, Plaintiff-Appellant,
v.
MORENO'S AIR CONDITIONING, INC., and the Travelers Insurance Company, Defendants-Appellees.
No. 5427.
Court of Appeal of Louisiana, Third Circuit.
April 14, 1976.
Rehearing Denied May 19, 1976.
McHale & Bufkin by Louis D. Bufkin, Lake Charles, for plaintiff-appellant.
Don L. Broussard, Lafayette, for defendants-appellees.
Before CULPEPPER, DOMENGEAUX and PAVY, JJ.
PAVY, Judge.
On January 30, 1970, plaintiff sustained injuries in the course and scope of his employment. He has been paid compensation disability benefits continuously from that time until trial in September, 1975. After extensive initial treatment, he underwent a period in which no further treatment was indicated. The last medical bill for this initial treatment was paid by the insurer on December 17, 1971. After that, more than a year elapsed without any medical expenses being incurred or paid. In April, 1973, plaintiff incurred a $10 bill with Dr. Jerome Ambrister. In June, 1974, he filed the present suit. Subsequent to suit and prior to trial, he incurred an additional $1,921.36 in medical expenses which were duly shown on trial. Defendants (the employer and its insurer) pleaded the one-year time limitation provided by R.S. 23:1209 *128 against the medical expense claim on the ground that more than one year had elapsed from the last payment of medical expenses until the filing of suit. The trial court awarded compensation for total and permanent disability but upheld the plea of prescription and denied the claim for medical expenses. Plaintiff has appealed.
The prescription or peremption provision of the Louisiana Workmen's Compensation Act is found at R.S. 23:1209 which in pertinent part, provides as follows:
"In case of personal injury (including death resulting therefrom) all claims for payment shall be forever barred unless within one year after the accident or death the parties have agreed upon the payments to be made under this Chaper or unless within one year after the accident proceedings have been begun as provided in Parts III and IV of this Chapter. Where such payments have been made in any case, the limitation shall not take effect until the expiration of one year from the time of making the last payment."
Plaintiff argues the medical expense claim is not prescribed or perempted because he has been paid disability benefits continuously and that the cases cited by his opponent are factually distinguishable from the instant case. Defendants rely mainly on the cases of Landreneau v. Liberty Mutual Insurance Company, 295 So.2d 459 (La.App.); Brown v. Travelers Insurance Company, 247 La. 7, 169 So.2d 540 (1964); Blanchard v. Liberty Mutual Insurance Company, 280 So.2d 592 (La.App. 3 Cir. 1973); Rowley v. Lumbermens Mutual Casualty Company, 247 So.2d 135 (La.App. 4 Cir.1971); Prejean v. Travelers Insurance Company, 234 So.2d 527 (La.App. 3 Cir.1970).
In Brown, plaintiff had been paid the 400th (last) week of disability benefits on September 14, 1961. A payment for medical expenses was made November 6, 1961. Plaintiff incurred further medical expenses in early 1962 and sued for those in August of that year. Defendants sought to defeat recovery by claiming that no liability existed for medical expenses incurred after the 400th week of disability. The court rejected such claim. The ruling is not controlling herein.
In Prejean, roughly the same factual situation existed as in Brown and the court followed the Brown ruling. This decision is not favorable to defendants. If anything, the language of that case is against defendants. The court stated:
"The only recovery being sought is for medical expenses, thus the "payment" necessary to interrupt prescription under LSA-R.S. 23:1209 is a medical payment. The suit was filed less than a year from the last medical payment and therefore was timely."
Unlike the plaintiff in Prejean, plaintiff herein is suing not only for medical expenses but for disability benefits which are clearly not prescribed.
In Rowley, plaintiff sued for both disability benefits and medical expenses after a year from the last disability benefit payment but within a year of the last medical expense payment. The court rejected the prescription plea as to the medical expense claim but sustained it as to the disability benefit claim. It observed:
"It has long been held that a payment of medical expenses will not serve to interrupt prescription as to a compensation claim. Devillier v. Hartford Accident & Indemnity Co., La.App., 219 So.2d 338 (1st Cir. 1969); writ refused 253 La. 1087, 221 So.2d 519. Davis v. Brown's Velvet Dairy Products, La.App., 43 So.2d 266 (Orleans Appeals 1949). There are various reasons for such a holding. R.S. 23:1203 requires the employer to furnish medical care to the employee. However, 23:1204 provides:
`Neither the furnishing of medical services or payment by the employer or his *129 insurance carrier shall constitute an admission of liability for compensation under this Chapter.'
The reasons for these requirements are as enunciated and Mr. Wex Malone in his treatise states: `This is probably for the purpose of encouraging the employer to furnish medical assistance in all cases without fear that by so doing he may prejudice his position with respect to a possible compensation claim.' Malone, Louisiana Workmen's Compensation, Section 384, page 500."
The rationale of that holding, this is, that a payment of medical expenses cannot constitute an admission (acknowledgment sufficient to interrupt prescription) of liability does not apply to the facts of the instant case because the statutory provision regarding nonadmission deals with a medical expense payment in relation to the claim for disability benefits and not the opposite as exists in this case.
That case also relied on certain language in the Brown case that the medical expense claim and the disability claim are different. To the extent that such reliance would be applicable to the facts of this case, we do not choose to follow such interpretation of the Brown case for it (the Brown case) made the "separate entity" finding regarding a medical expense claim and a disability claim to preserve the claim for medical expenses beyond the 400 weeks and not to deny it during said period of disability.
In Blanchard, payment of disability benefits ceased on July 3, 1967. A medical expense payment was made February 4, 1969. There was a resumption of disability payments in December, 1969, and a medical payment in March, 1970. The suit was filed in October, 1970. The court held that the time limitation provided by R.S. 23:1209 was one of peremption and not prescription and that all claims perempted one year from July 3, 1967, and the action taken thereafter could not revive the claims. It is true that the court stated that a medical expense payment is necessary to interrupt prescription on the medical expense claim but that statement was not necessary to that decision and it is not applicable to the facts herein.
Landreneau dealt with the question of reopening a compensation case under R.S. 23:1124 after a judgment fixing disability had been obtained. The ruling therein is not applicable here.
On grounds of policy, the language of the compensation act, and the purposes to be served by the prescription provision, we must hold that plaintiff's claim to medical expenses is not lost by the prescription or peremption provided in R.S. 23:1209. Even if a payment of medical expenses may not interrupt the time period with regard to the claim for disability benefits, the converse of such (that payment of compensation benefits does not interrupt as to the medical expense claim) is not necessarily true. The tendency in the jurisprudence to hold that payment of medical expenses does not interrupt as to disability benefits is to encourage an employer or insurer in paying medical expenses without indefinitely extending its exposure to liability.
In Harris v. Traders & General Insurance Company, 200 La. 445, 8 So.2d 289 (S. Ct.1942) it was said:
"The author of the dissenting opinion filed in this case made the following appropriate comment upon the provision requiring the claimant for Workmen's Compensation to file suit on the claim within one year, viz:
`* * * The purpose of the requirement that a suit be brought by the claimant within one year after the accident under the penalty of barring his recovery is of a three fold nature; (1) to enable the employer to determine when his potential liability for an accident would cease; (2) as a matter of public policy to prevent suits based on stale claims where the evidence might be destroyed or difficult to produce;

*130 (3) to fix a statute of repose giving rise to a conclusive presumption of waiver of his claim on the part of an employee where he fails to bring his suit within the fixed period."
In this case, none of those purposes would be served by applying the said prescriptive period. Upon considering the policy that the Workmens' Compensation Act be liberally construed in favor of the claimant, we do not apply the time limitation in this case.
Accordingly, for reasons assigned the judgment of the district court is amended so as to overrule the plea of prescription and to award plaintiff all medical expenses incurred and attributable to the accident of January 30, 1970, including the $1,931.35 shown at trial herein, with credit for all payments previously made and subject to the statutory maximum provided by R.S. 23:1203 and as thus amended said judgment is affirmed.
Appellees are to bear all costs of this appeal.
AMENDED AND AFFIRMED.