346 So.2d 1352 (1977)
Willie S. COOLEY, Plaintiff-Appellant,
v.
LIBERTY MUTUAL INSURANCE COMPANY, et al., Defendants-Appellees.
No. 5876.
Court of Appeal of Louisiana, Third Circuit.
May 13, 1977.
Rehearing Denied June 24, 1977.
Garrett & Ryland by B. Dexter Ryland, Alexandria, for plaintiff-appellant.
Bolen, Halcomb, Bolton & Erwin by James A. Bolen, Jr., Alexandria, for defendants-appellees.
Before HOOD, FORET and HEARD, JJ.
*1353 HOOD, Judge.
This is a workmen's compensation suit instituted by Willie S. Cooley against Badger Company, Inc., and its insurer, Liberty Mutual Insurance Company. The trial court rendered judgment sustaining an exception of prematurity filed by defendants and dismissing the suit. Plaintiff appealed.
The issue presented is whether plaintiff's allegation, or claim, that he has not been provided with proper medical attention is justified under the facts, and thus whether the trial court erred in sustaining defendants' exception of prematurity.
Plaintiff alleges that he was injured on October 2, 1975, and that compensation at the rate of $85.00 per week is presently being paid to him. He also alleges that he has incurred medical and hospital expenses, but that "Employer and insurer have failed and refused to authorize and pay for necessary medical expenses notwithstanding numerous requests; additional surgery and medical expense have been recommended by the treating physician which are necessary and defendants' failure to pay medical bills as they become due necessitated this suit."
Cooley demands judgment against defendants for compensation benefits at the maximum rate of $85.00 per week beginning from the date of the accident and continuing during his period of disability, subject to credit for the benefits heretofore paid. He also demands judgment against defendants for a sum, up to $12,500.00, for medical and hospital treatment.
Defendants filed an answer and an exception of prematurity. The exception was tried, and judgment was rendered by the trial court sustaining that exception and dismissing plaintiff's suit. Plaintiff appealed, and that appeal is before us now.
LSA-R.S. 23:1314 provides that suits claiming workmen's compensation benefits are premature and shall be dismissed unless (1) the employee is not being or has not been paid the maximum percent of wages to which he is entitled, or (2) the employee has not been furnished the proper medical attention, or (3) the employee has not been furnished with copies of the reports of examinations made by the employer's medical experts.
The evidence in the instant suit shows that plaintiff has been paid the maximum percent of wages to which he is entitled under the provisions of the Workmen's Compensation Law from the date the accident occurred until the present time. He has been provided with proper medical attention for his injuries, and he has never been denied any such treatment. He does not allege or claim that defendants have failed to furnish him with copies of any reports of medical examinations. Applying the provisions of LSA-R.S. 23:1314 to the circumstances which exist here, it appears to us that plaintiff's suit is premature and that the trial court did not err in dismissing it.
Plaintiff contends, however, that defendants have failed or refused to pay some of the expenses he incurred for hospital treatment, and that their failure to pay those expenses was "tantamount to a failure to furnish adequate medical treatment." He argues that his suit for compensation benefits is not premature, since he "has not been furnished the proper medical attention," as provided in the above cited section of the Revised Statutes.
The record shows that plaintiff became indebted to the Rapides General Hospital on three separate charge accounts, amounting to the total sum of $261.40, for out-patient treatment administered to him on or before December 23, 1975. Defendants paid those three accounts by issuing one check to the hospital on March 4, 1976, for the above amount. The hospital received that payment, but it erroneously credited the amount paid to another, or a fourth, account owed it by plaintiff, in the amount of $695.25, for in-patient treatment administered in February, 1976. The hospital thereafter made demands on defendants to pay the indebtedness shown on the three accounts for out-patient treatment, amounting to $261.40, and defendants understandably resisted those demands on the *1354 ground that they had already paid those accounts. The hospital then turned the accounts over to a collection agency which made demand on plaintiff, and shortly thereafter this suit was filed.
The trial judge found, correctly we think, that the failure of defendants to pay all of plaintiff's hospital bills promptly was due to a "misunderstanding," or to some "confusion," or to a "clerical error," as to how much, if anything, was owed to the hospital. That misunderstanding was cleared up shortly after the suit was filed, and we understand from the record and briefs that defendants have paid or are willing to pay the balance which is due on the above hospital bills. Regardless of the confusion which existed as to the amount due as hospital expenses, and despite defendants' failure to pay or the delay which occurred in the payment of those expenses, the evidence is clear that plaintiff was at all times furnished with proper medical attention.
In determining whether a suit should be dismissed on an exception of prematurity under LSA-R.S. 23:1314, the test is not whether the employer has refused to pay the medical bills incurred, but instead it is whether "the employee has been furnished the proper medical attention." Jack v. Fidelity and Casualty Company of New York, 306 So.2d 806 (La.App. 3 Cir. 1975); Moore v. American Motorist Insurance Company, 216 So.2d 674 (La.App. 3 Cir. 1968); Cucote v. Harris, 335 So.2d 91 (La. App. 3 Cir. 1976).
In the instant suit the failure of defendants to pay, or their delay in paying, the above hospital bills did not deprive plaintiff of any medical or hospital treatment he needed. He has been furnished proper medical attention. Under those circumstances, this suit is premature, and the trial judge did not err in dismissing it under LSA-R.S. 23:1314.
The record does not show whether all of the hospital expenses incurred by plaintiff for the treatment of his work-connected injuries have been paid by defendants. We hold, however, that the judgment appealed from herein, which sustains the exception of prematurity filed by defendants and dismisses the suit, does not preclude plaintiff from maintaining another action against defendants to recover any other medical or hospital expenses incurred by plaintiff for treatment of the above injuries, which may be due by defendants and are still unpaid or unreimbursed. See Lanoue v. Century Indemnity Co., 30 So.2d 207 (La.App. 1 Cir. 1947).
For the reasons assigned, the judgment appealed from is affirmed. The costs of this appeal are assessed to plaintiff-appellant.
AFFIRMED.