STOKER, Judge,
concurring.
I concur in the majority opinion because I believe it correctly states the law as it has crystalized in jurisprudence. Nevertheless, this case and the Cooley case[1] cited in the majority opinion illustrate that under the established jurisprudence an injured worker may be put to the expense, trouble and *795 delay of a law suit in order to put an end to the dalliance of an employer or compensation carrier. Under the present law delay or tardiness in payment of medical expenses by one who owes them is sanctioned. All an employer or insurer need do after a suit is filed is pay the medical expenses, and the plaintiff worker will be undone by a plea of prematurity. When such a plea of prematurity is filed the plaintiff is met with the settled law that “the test is not whether the employer has refused to pay the medical bills incurred, but instead it is whether the employee has not been furnished the proper medical attention.” Under such circumstances the injured worker forced to sue is not entitled to penalties and attorney’s fees. Still worse, the plaintiff has to bear the costs of the abortive suit. Jack v. Fidelity & Casualty Company of New York, 306 So.2d 806 (La.App. 3rd Cir. 1975); Moore v. American Motorist Insurance Company, 216 So.2d 674 (La.App. 3rd Cir. 1968), writ refused, 218 So.2d 902 (La.1969); Dugas v. Houston Contracting Company, 191 So.2d 178 (La.App. 3rd Cir. 1966); Cucote v. Harris, 335 So.2d 91 (La.App. 3rd Cir. 1976); Cooley v. Liberty Mutual Ins. Co., 346 So.2d 1352 (La.App. 3rd Cir. 1977), writ denied, 350 So.2d 903 (La.1977) and Dove v. Liberty Mutual Ins. Co., 379 So.2d 1193 (La.App. 3rd Cir. 1980). In fact the employer or insurer obligated to pay for medical treatment does not have to pay for the medical expenses to maintain an exception of prematurity. All such an obligor need show is that it authorized the medical services.
We may gather from the jurisprudence in this area that, if the provider of medical services furnishes them to the injured worker (to use the statutory language), because of assurances by the obligor that the obligor will pay for them, then this is deemed equivalent to furnishing medical services by the obligated employer or insurer. In other words, the rationale of the developed jurisprudence is that if the obligor enables the workman to obtain medical attention, it has been “furnished” to him, and the injured worker has no concern or interest as to when the obligor actually pays for the medical services.
Our prevailing theory raises several serious questions. Could the employee be held liable for the services if the obligor never pays for them? Suppose prescription runs on medical claims. Will the authorization given by an obligor to a medical provider to give medical services serve to interrupt prescription? Can we truly say, where injuries of a worker require extended treatment, that nonpayment of the accrued expenses does not hamper or inhibit the worker from obtaining continued service? Finally, can we truly say, where an obligor admits liability for medical services but fails to pay for them over a long period of time, that the obligor has “furnished” medical services? Why should the worker be left in the lurch?
It appears to me that in focusing always on the facts as they exist at the time of trial of exceptions of prematurity, rather than the overall facts, we may fail in certain cases to give effective meaning to the word “furnished” as employed in LSA-R.S. 23:1314. This statute provides that a workmen’s compensation suit is premature unless “the employee has not been furnished the proper medical attention.”
Perhaps in the case before us we have simply been presented with a case of hard facts failure to pay medical expenses for an injury in November or December of 1976 until after suit is filed on July 11, 1978. In view of the settled nature of the jurisprudence, I think adherence to the settled rule is proper. Any change or emendation of our interpretation of the statutory language in question is a matter which should be left to legislative action.

. Cooley v. Liberty Mutual Ins. Co., 346 So.2d 1352 (La.App. 3rd Cir. 1977), writ denied, 350 So.2d 903 (La.1977).