FORET, Judge,
dissenting.
My research is this case reveals a series of cases, including some of our own, which lead to the inevitable conclusion that quite possibly we have made inconsistent remarks in Cooley v. Liberty Mutual Insurance Co., 346 So.2d 1352 (La.App. 3 Cir. 1977), writ denied, 350 So.2d 903 (La.1977); Dove v. Liberty Mutual Insurance Company, 379 So.2d 1193 (La.App. 3 Cir. 1980), and in Cucote v. Harris, 355 So.2d 91 (La.App. 3 *796 Cir. 1976). In Cooley, in which I was a member of the panel, we stated:
“In determining whether a suit should be dismissed on an exception of prematurity under LSA-R.S. 23:1314, the test is not whether the employer has refused to pay the medical bills incurred, but instead it is whether the employee has been furnished proper medical attention.”
However, in Cooley, we said that the record did not show whether all of the medical expenses incurred by plaintiff had been paid by defendants, and we held therefore that our judgment sustaining the exception of prematurity and dismissing the suit did not prevent plaintiff from maintaining another action against defendants to recover any other medical or hospital expenses incurred by plaintiff for treatment of the above injuries, which may be due by defendants and are still unpaid or unreimbursed. Although I was on the panel, and signed this decision, there certainly seems to be an obvious inconsistency in our judgment. This inconsistency now bothers me a good deal.
I make mention some other cases which have held that an employee’s claim for medical expenses does not exist outside the workmen’s compensation statute, and the time within which to claim medical expenses is accordingly governed by the statute and that an employee’s claim for medical expenses must be brought within one year of the last medical payment. See Rowley v. Lumberman’s Mutual Casualty Company, 2A1 So.2d 135 (La.App. 2 Cir. 1971), writ refused June 21, 1971; Blanchard v. Liberty Mutual Insurance Company, 280 So.2d 592 (La.App. 3 Cir. 1973); Brown v. Travelers Insurance Company, 247 La. 7, 169 So.2d 540 (1964).
Again, in Andrus v. Employers Insurance of Wausau, 348 So.2d 1337 (La.App. 3 Cir. 1977), we again said that there was no showing of a failure to furnish medical attention, and the suit was therefore premature, “however, medical expenses which have not been paid may be demanded in an independent action,” citing Blanchard v. Liberty Mutual Insurance Company, supra, and that particular portion of the opinion in Cooley.
It seems to me, however, that a claim for unpaid medical expenses may be demanded by plaintiff even though he is being paid weekly benefits, and therefore precluded from (a) filing a suit for weekly benefits, or (b) from lumping together a lawsuit for both weekly benefits and medical expenses. In order to reconcile these cases, we can hold that a claimant who is drawing weekly compensation benefits can nevertheless maintain a separate action for unpaid medical expenses independent of any proceedings concerning his extent of disability, etc. If we are going to say that Cooley, Andrus, Cucóte, etc. mean that a plaintiff can never file suit for unpaid medical expenses, as long as he is receiving medical treatment, then we run into the problem of peremption/prescription mentioned in Blanchard and Prejean v. Travelers Insurance Company, 234 So.2d 527 (La.App. 3 Cir. 1970). LSA-R.S. 23:1209 certainly sets out a per-emptive period within which the claimant must file suit for medical expenses or his cause of action will be prescribed, even though he may be drawing weekly compensation benefits. I think what I am really trying to say here is that we cannot insinuate that the legislature was so inept as to mean that LSA-R.S. 23:1314 declares premature any action by a claimant for unpaid medical expenses to which he is entitled, as long as he is furnished proper medical attention; whereas, on the other hand, the legislature in LSA-R.S. 23:1209 says that a claim for unpaid medical expenses by an employee must be brought within one year from the incurring of these expenses, or his claim will be perempted or prescribed, and he will forever lose his cause of action for such unpaid medical expenses. I simply cannot believe that the legislature intended such an absurd result.
In Blanchard, supra, we said, at page 598:
“Our jurisprudence is settled that medical expenses do not constitute a part of “compensation,” that a demand for medical expenses can be independently asserted, and that such a demand is con *797 trolled by the prescription or peremption provided in LSA-R.S. 23:1209. Brown v. Travelers Ins. Co., 247 La. 7, 169 So.2d 540 (1964). The “payment” necessary to interrupt prescription of a claim for medical expenses is a medical payment. [In other words, payment of weekly compensation benefits does not interrupt prescription as to medical expenses.] Prejean v. Travelers Insurance Company, 234 So.2d 527 (La.App. 3 Cir. 1970).
In the instant suit more than one year elapsed between the medical payment made on February 4, 1969, and the one made on March 10, 1970. The trial judge thus correctly determined that plaintiff’s right to claim medical expenses was lost by prescription.”
A conclusion can be drawn then, based on Blanchard, that all that Standard Fittings was legally required to pay was the medical expenses incurred during the year before suit was filed. I have found nothing in the record to show that Standard Fittings ever acknowledged, in writing, either to Opelou-sas General Hospital, Dr. Granger, or any other doctors, or to the plaintiff, that they waived prescription, and acknowledged the debt. The only evidence in the record to that effect is that hospital employees testified that upon each admission to the hospital, that they called Standard Fittings and that someone at Standard Fittings said they would be responsible for the bill. The same testimony is applicable to the bill of Dr. Granger. However, again, we have nothing in writing, nothing but telephone conversations, until after suit was filed. On the contrary, the employees of Opelousas General repeatedly admonished plaintiff that if Standard Fittings did not pay the bill, he would be personally responsible; and also discussed the delinquent account with him on several occasions. So, it appears to me that the rationale of Blanchard and the cases cited therein is that a compensation plaintiff certainly must have a right to file suit for unpaid medical expenses at least before prescription runs.[1]
DID EMPLOYER FURNISH PROPER MEDICAL ATTENTION?
The majority reverses the trial court and sustains defendant’s exception of prematurity on the grounds that a workmen’s compensation suit will be timely where “the employee has not been furnished the proper medical attention”, implying that if the employee is furnished proper medical attention, a suit by him for payment for these expenses will be premature. That may be well and good, however, I am of the opinion that in this case, where plaintiff was injured in November of 1975, and not one cent of medical expenses was paid by the employer until September 6, 1978, (2 months after filing of suit) two years and some ten months after the accident, at which time medical expenses totalled $41,-590, that by any stretch of the imagination can the employer be said to have “furnished medical attention” to the plaintiff. Plaintiff’s doctors and Opelousas General Hospital furnished him medical attention .. . not the employer. When this reasoning is applied to the prescriptive period of one year, resulting in almost two years of plaintiff’s right to recover medical expenses being prescribed, then I fail to see how the employer “furnished medical attention” to this claimant. See the comments on this point made by Judge Stoker in his concurring opinion herein.
For the above reasons, I respectfully dissent. As we said in Southern Builders, Inc. v. Carla Charcoal, Inc., 357 So.2d 638 (La.App. 3 Cir. 1978), writ denied 358 So.2d 632 (La.1978), quoting Justice Frankfurter in Offutt v. United States, 348 U.S. 11, 14, 75 S.Ct. 11, 13, 99 L.Ed. 11 (1954): “justice must satisfy the appearance of justice”. *798 The result in this ease certainly, in my mind, does not “satisfy the appearance of justice”.[2]

. I recognize Ancelet v. Moreno’s Air Conditioning, 331 So.2d 127 (La.App. 3 Cir. 1976) where a panel of this Court held exactly the opposite of Blanchard, supra, and picked up a dissenting opinion in a La. Supreme Court ^
[2] Harris v. Traders & General Insurance Company, 200 La. 445, 8 So.2d 289 (1942).
case to hold that the prescriptive period did not apply. Of course no writs were applied for in Ancelet, and I have grave doubts that Ancelet is correct in view of La.R.S. 23:1209.

. I might mention that not only did claimant have to hire a lawyer to get his medical expenses paid, he also has been condemned to pay the court costs incurred herein, both at trial level and on appeal. On the other hand, the employer enjoyed a substantial economic benefit by hanging on to its money for the time for which it did — it probably either earned interest, or avoided payment of interest in a sufficient amount to pay its own lawyers to defend this suit.