216 So.2d 674 (1968)
Bennie J. MOORE, Plaintiff-Appellant,
v.
AMERICAN MOTORIST INSURANCE COMPANY, Defendant-Appellee.
No. 2483.
Court of Appeal of Louisiana, Third Circuit.
December 5, 1968.
Rehearing Denied January 10, 1969.
Writ Refused February 24, 1969.
Francis E. Mire, Lake Charles, for plaintiff-appellant.
Plauche & Plauche, by Reid Hebert, Lake Charles, for defendant-appellee.
Before FRUGÉ, CULPEPPER and MILLER, JJ.
*675 MILLER, Judge.
Plaintiff, Bennie J. Moore, filed this suit against American Motorists Insurance Company, the workmen's compensation insurer of his employer, C. F. Braun & Company, alleging that he was totally and permanently disabled as the result of a December 28, 1966 accident. Defendant at all times was paying the maximum rate of compensation under the Workmen's Compensation Act, but plaintiff claimed penalties and attorney fees and a review of his case by the Court because defendant failed to pay certain medical bills incurred by plaintiff within 60 days of demand.
The following is an itemization of the bills received, the date of the letters from plaintiff's attorney forwarding the bills, and the date those bills were paid by defendant.

 AMOUNT OF DATE OF
CREDITORS BILL LETTER DATE PAID
Snell's Limbs &
Braces, Inc. $ 20.34 2-15-67 2-23-67
Lake Charles
Memorial Hospital $456.25 8-25-67 12-8-67
Drs. Cook & Stevens $ 13.50 8-31-67 12-8-67
Dr. Arthur Penton $ 75.00 8-16-67 12-8-67
Lake Charles Associated
Anesthesiologist $107.00 8-14-67 12-8-67

With the exception of the bill from Snell's Limbs & Braces, Inc., which was paid eight days after demand, all bills relate to a spinal fusion performed August 11, 1967 without prior notice to defendant. Suit was filed November 2, 1967.
After learning of the operation in a routine telephone conversation with Dr. Hatchette, an investigation was ordered in an effort to determine whether the spinal fusion was necessitated by the December 1966 accident. On October 26, 1967 an adjuster interviewed Vincent Chappuis, Principal of Rayne High School, in order to determine whether plaintiff had attended that school and experienced any difficulties with his back. Also interviewed on that date was the principal (a Roman Catholic Nun whose name is not reflected in the record) of St. Joseph's High School in Rayne, Louisiana. Additionally, another adjuster interviewed on October 12, 1967 Mr. Marion Vallee, Principal of Welsh High School and Mr. William Buck, Principal of the Welsh Elementary School.
Because of the relatively minor injury, the serious question regarding the cause of plaintiff's alleged disability, and the fact that Dr. Hatchette as early as March 1967, was of the opinion that plaintiff, if he did not have spondylolisthesis, could return to his regular duties, defendant was interested in determining plaintiff's past personal and medical history. If plaintiff had experienced back difficulties in the past, defendant's counsel states that defendant intended to question whether the minor accident on December 28, 1966 necessitated the spinal fusion performed by Dr. Hatchette on August 11, 1967. All of which would have been relevant under the holding of Broussard v. R. H. Gracey Drilling Company, 227 La. 882, 80 So.2d 850, to the effect that in cases involving spondy-lolysis and/or spondylolisthesis, there may be a question as to whether the alleged disability results directly from a deterioration or aggravation of the congenital defect related to the accident forming a basis of the lawsuit, or whether the disability is *676 due to congenital defect alone, the aggravation caused by the accident having been dissipated over a few months.
LSA-R.S. 23:1314 provides that suits under this act shall be premature and shall be dismissed unless
1. "* * * the employee * * * is not being or has not been paid * * * the maximum percent of wages * *" or
2. "* * * the employee has not been furnished the proper medical attention * * *" or
3. "* * * the employee has not been furnished with copies of the (medical) reports * * * after written request * * *"
Items one and three are not at issue.
It was well established in the record that plaintiff had always been furnished and was currently being furnished proper medical attention and the Trial Judge's holding was eminently correct. Under R.S. 23:1314, the question is not whether a particular medical bill has been paid, but whether an employee was furnished proper medical attention. Dugas v. Houston Contracting Company, 191 So.2d 178 (La.App. 3d Cir. 1966).
Plaintiff next contends that under the provisions of LSA-R.S. 22:658, an insurer will be liable for penalties and attorney's fees if it failed to pay bills within 60 days after receipt of such proofs and demand therefor, when such failure is found to be arbitrary or capricious or without probable cause.
Plaintiff failed to prove that the delay was arbitrary, but in any event, we hold that R.S. 22:658 does not allow penalties where the main demand is premature.
For the reasons herein set out the judgment appealed from is affirmed. The costs of this appeal are assessed to plaintiff-appellant.
Affirmed.

On Application for Rehearing.
En Banc. Rehearing denied.