348 So.2d 1337 (1977)
James R. ANDRUS, Plaintiff-Appellant,
v.
EMPLOYERS INSURANCE OF WAUSAU et al., Defendants-Appellees.
No. 6092.
Court of Appeal of Louisiana, Third Circuit.
August 9, 1977.
Drewett, Jacques & Thomas by Robert W. Thomas, Lake Charles, for plaintiff-appellant.
Brame, Bergstedt & Brame by John E. Bergstedt, Lake Charles, Louis M. Kieffer and Ronald L. Ronzello, New Orleans, for defendants-appellees.
Before HOOD, DOMENGEAUX and WATSON, JJ.
WATSON, Judge.
The issue presented is whether the trial court erred in sustaining a plea of prematurity in this workmen's compensation suit.
Plaintiff, James R. Andrus, sued his employer, Fuller-Austin Insulation Company, Inc., and its compensation insurer, Employers Insurance of Wausau, for workmen's compensation benefits, medical expenses, penalties and attorney's fees. An exception of prematurity was filed.
The question of prematurity centers around payment of medical expenses. It appears from the record that, although there may have been some slight delay, the weekly compensation benefits have been paid. However, while certain medical bills were paid, others, particularly those of Dr. Melton for $119 and Lake Charles Memorial Hospital for a balance of $18.40, were not paid for a period of approximately six months. The latter were not paid at the time of the original hearing in the trial court nor at the time a motion was made for new trial but had been paid when the motion was heard.
This court has held in the past that the test for prematurity in a suit for compensation benefits is not whether there are unpaid medical bills but whether the injured *1338 employee has been furnished proper medical attention. Moore v. American Motorist Insurance Company, 216 So.2d 674 (La.App. 3 Cir. 1969) writ refused 253 La. 629, 218 So.2d 902; Jack v. Fidelity & Casualty Company of New York, 306 So.2d 806 (La. App. 3 Cir. 1975).
Here, there is no showing of a failure to furnish medical attention and the suit is therefore premature.
However, medical expenses which have not been paid may be demanded in an independent action. Blanchard v. Liberty Mutual Insurance Co., 280 So.2d 592 (La.App. 3 Cir. 1973). The record here indicates that the medical expenses have now been paid, although with some delay. However, in the event that there are unpaid medical expenses, ". . . the judgment appealed from herein, which sustains the exception of prematurity filed by defendants and dismisses the suit, does not preclude plaintiff from maintaining another action against defendants to recover any other medical or hospital expenses incurred by plaintiff for treatment of the above injuries, which may be due by defendants and are still unpaid or unreimbursed." Cooley v. Liberty Mut. Ins. Co., 346 So.2d 1352 at 1354 (La.App. 3 Cir. 1977).
The exception of prematurity was correctly maintained by the trial court and the judgment is affirmed.
Costs are taxed against plaintiff.
AFFIRMED.