379 So.2d 1193 (1980)
Bobbie A. DOVE, Plaintiff-Appellee,
v.
LIBERTY MUTUAL INSURANCE CO. et al., Defendants-Appellants.
No. 7300.
Court of Appeal of Louisiana, Third Circuit.
January 30, 1980.
Bolen & Erwin, Gregory S. Erwin, Alexandria, for defendants-appellants.
*1194 Whitaker & Doggett, John B. Whitaker, Natchitoches, for plaintiff-appellee.
Before GUIDRY, SWIFT and LABORDE, JJ.
GUIDRY, Judge.
Plaintiff, Bobbie A. Dove, sued her employer, G. C. Murphy Company Inc., and its workmen's compensation insurer, Liberty Mutual Insurance Company, seeking benefits for total and permanent disability, medical expenses, penalties and attorney's fees. Defendants filed an exception of prematurity along with an answer. At the time of trial the parties stipulated that plaintiff has been paid and continues to be paid the maximum percent of wages to which she is entitled under the provisions of the workmen's compensation act. The parties further stipulated that, although when suit was instituted there were certain medical and travel expenses which remained unpaid, all such claimed expenses totaling the sum of $597.45 had been paid to plaintiff. The trial court, although making no specific ruling with regard to the exception of prematurity, rendered judgment in favor of plaintiff for $2500.00 in attorney's fees. Defendants have appealed. Plaintiff has answered the appeal asking that the trial court judgment be amended so as to award penalties and an increase in the amount of attorney's fees.
Our examination of the record in this case prompts us to conclude that the trial court erred in failing to sustain the exception of prematurity filed by defendants. Accordingly, we reverse.
LSA-R.S. 23:1314 provides as follows:
"Unless in the verified petition above referred to it is alleged (where the petition is filed by the employee or his dependents) that the employee or the dependents is not being or has not been paid, and that the employer has refused to pay, the maximum percent of wages to which petitioner is entitled under the provisions of this Chapter, or that the employee has not been furnished the proper medical attention, or that the employee has not been furnished with copies of the reports of examination or examinations made by employer's medical practitioners after written request therefor has been made under the provisions of this Chapter, the presentation or filing of such petition shall be premature and shall be dismissed; when such allegations are contained in such petition and are denied by the employer at the time fixed thereunder by the court, if it be shown that such allegations are without reasonable cause or foundation in fact, such petition shall be dismissed; and the question of whether or not such allegations of nonpayment or of failure to render medical attention or failure to furnish medical reports is justified under the facts shall be determined by the court before proceeding with the hearing of the other issues involved."
Plaintiff does not allege in her petition that she is not being paid the maximum compensation benefits to which she is entitled. Quite to the contrary, as aforestated, it was stipulated that plaintiff has been and continues to be paid the maximum percent of wages to which she is entitled under the provisions of the act. Nor does plaintiff allege and the record does not support a finding that plaintiff has not been furnished "proper medical attention" or that defendants have failed to furnish her with copies of any medical reports. Plaintiff does allege in her petition that defendant has failed and refused to reimburse her for certain medical and travel expenses incurred in the treatment of her injuries. This latter factual circumstance, however, is not determinative of the issue of prematurity in a suit for workmen's compensation benefits. As we stated in Andrus v. Employers Insurance of Wausau et al., 348 So.2d 1337 (La.App. 3rd Cir. 1977):
"... the test for prematurity in a suit for compensation benefits is not whether there are unpaid medical bills but whether the injured employee has been furnished proper medical attention. Moore v. American Motorist Insurance Company, 216 So.2d 674 (La.App. 3 Cir. 1969) writ refused 253 La. 629, 218 So.2d *1195 902; Jack v. Fidelity & Casualty Company of New York. 306 So.2d 806 (La.App. 3 Cir. 1975).... However, medical expenses which have not been paid may be demanded in an independent action. Blanchard v. Liberty Mutual Insurance Co., 280 So.2d 592 (La.App. 3 Cir. 1973)."

See also Cooley v. Liberty Mutual Insurance Company et al., 346 So.2d 1352 (La.App. 3rd Cir. 1977) writ refused 350 So.2d 903 (La. 1977).
In the instant case there has been no showing of a failure to furnish proper medical attention. This being considered together with the fact that plaintiff continues to be paid all benefits to which she is entitled under the workmen's compensation act it is axiomatic that her suit is premature. Accordingly, we conclude that the exception of prematurity should have been sustained and plaintiff's suit dismissed.
Although unnecessary to our decision, we have carefully reviewed the record and have determined that defendants did not arbitrarily delay making payment for all medical and travel expenses due plaintiff.
The dispute between plaintiff and defendants centers around three items:
(a) The difference in cost of a private versus semi-private room in the amount of $78.00 due to Bossier City General Hospital.
(b) The cost of a home traction device in the amount of $114.45.
(c) Travel expense in the amount of $405.00 for 18 separate trips to either the doctor or medical facilities.
As to item (a) defendants refused initially to pay this sum because they were never furnished with any medical verification that it was necessary that plaintiff be housed in a private room as opposed to a semi-private room. Defendants considered that this additional expense was incurred solely for the convenience of plaintiff and was not medically necessary. Although defendants have reimbursed plaintiff for this expense we cannot conclude that their initial refusal to pay this expense was arbitrary as the employer is only responsible for necessary medical expenses on behalf of the claimant. LSA-R.S. 23:1203.
As to the cost of the home traction device the record clearly supports a finding that the delay in payment of this item of expense was occasioned by clerical error.
Finally, as to the reimbursement for travel expenses, the record clearly shows that the first demand for these expenses came in a letter from plaintiff's attorney dated September 26, 1978. Defendants immediately made reply to this demand by letter dated October 3, 1978, requesting verification of the dates and purpose of travel and suggesting that upon the verification being submitted payment would follow. Plaintiff chose not to send the requested verification but rather instituted suit on October 17, 1978. After receipt of plaintiff's petition, which set forth the dates of travel etc., defendants, on November 8, 1978, within sixty days of the initial demand, made payment.
Penalties and attorney's fees are assessable against an employer or his insurer only when the refusal to pay or the delay in payment of benefits beyond sixty day notification is shown to be arbitrary, capricious or without probable cause. LSA-R.S. 23:1201.2. The record in this case does not support plaintiff's assertion that the defendants acted arbitrarily and without probable cause.
For the above and foregoing reasons the judgment appealed from is reversed and plaintiff's suit is ordered dismissed as of non-suit. Plaintiff-Appellee is cast with all costs at the trial level and on appeal.
REVERSED AND RENDERED.