CUTRER, Judge.
James Wayne Sam brought this workmen’s compensation suit against his self -insured employer, Standard Fittings Company (Standard), seeking medical expenses incurred as a result of a disabling work-related accident, along with penalties and attorney’s fees. Standard filed an answer and an exception of prematurity.- The exception was referred to the merits. After trial, judgment was rendered in favor of Sam overruling the exception of prematurity and awarding Sam penalties in the amount of $4,990.51 and attorney’s fees of $3,500.00. Standard appeals from this judgment. Sam has answered the appeal seeking an increase in the attorney’s fees.
The primary issue presented is whether the suit was filed prematurely and, thus, whether it should be dismissed under the provisions of LSA-R.S 23:1314. We have decided that a resolution of this issue disposes of the case.
Sam’s petition alleged that he was injured on the job in November or December of 1976. He alleged that weekly compensation payments had been paid in the amount of $77.84. Sam further alleged that medical expenses in the amount of $41,546.00 had been incurred and had not been paid at the time the original petition was filed on July 11, 1978.
The record reflects that after the suit was filed, but before trial, all medical expenses were paid. Standard issued two checks, dated September 6, 1978 and September 12, 1978, for the payment of the physicians’ bills and the hospital expenses for $41,590.06, the total medical expenses that were due.
Our examination of the record brings us to the conclusion that the trial court erred in overruling the exception of prematurity filed by Standard. Therefore, we reverse.
LSA -R.S. 23:1314 provides that suits under the Workmen’s Compensation Act shall be premature and shall be dismissed unless:
(1) “. . . the employee ... is not being-paid or has not been paid . . . the maximum percent of wages ...” or
(2) “. . . the employee has not been furnished the proper medical attention ...” or
(3) “. . . the employee has not been furnished with copies of the [medical] reports .. . after written requests].”
Items (1) and (3) above are not at issue. Sam alleged in his petition that he did not receive proper medical attention when he had been temporarily refused admission to Opelousas General Hospital because some previous bills remained unpaid. At trial it was shown that Sam had been instructed by his physician to have weekly blood tests for the purpose of detecting blood clots that might develop. On the first of these visits to the hospital he was refused admission. The next day, however, he was admitted for the tests, apparently as a result of his physician’s intervention. We do not deem this one instance significant in determining whether Sam was furnished proper medical attention. Sam’s medical treatment was not seriously disrupted, and he had otherwise received proper treatment. The evidence reflects no harm came of this brief delay, nor did the delay jeopardize Sam’s health. The petition does not otherwise allege failure by the employer to furnish proper medical attention. In view of the failure of plaintiff to make any of the required allegations, we find that the trial court erred in failing to sustain the exception of prematurity.
The record clearly reflects that Sam had always been furnished proper medical attention. In the case of Cooley v. Liberty Mut. Ins. Co., 346 So.2d 1352 (La.App. 3rd Cir. 1977), writ den., 350 So.2d 903 (La. 1977), the court, sustaining an exception of prematurity, addressed this issue as follows:

“In determining whether a suit should be dismissed on an exception of prematurity under LSA-R.S. 28:1314, the test is not whether the employer has refused to 
*794
pay the medical bills incurred, but instead it is whether ‘the employee has been furnished the proper medical attention.’ Jack v. Fidelity and Casualty Company of New York, 306 So.2d 806 (La.App. 3 Cir. 1975); Moore v. American Motorist Insurance Company, 216 So.2d 674 (La.App. 3 Cir. 1968); Cucote v. Harris, 335 So.2d 91 (La.App. 3 Cir. 1976).”

Sam was admittéd to the Opelousas General Hospital on several occasions. According to the hospital director, on each admission, Standard was informed by telephone and each time Standard agreed that it would be responsible for the medical expenses.
This court, in the very recent case of Dove v. Liberty Mutual Insurance Co., 379 So.2d 1193 (1980), faced with the same issue presented herein, and similar facts, reversed the trial court and sustained the exception of prematurity, concluding as follows:

‘‘In the instant case there has been no showing of a failure to furnish proper medical attention. This being considered together with the fact that plaintiff continues to be paid all benefits to which she is entitled under the workmen’s compensation act it is axiomatic that her suit is premature. Accordingly, we conclude that the exception of prematurity should have been sustained and plaintiff’s suit dismissed. ”

Since Sam failed to make the proper allegations and we have determined the allegation of failure to provide medical attention is not justified, the exception of prematurity should have been sustained and the suit dismissed as of non-suit.
Plaintiff seeks to recover penalties and attorney’s fees under LSA-R.S. 23:1201.2, alleging Standard’s refusal to pay medical expenses was arbitrary and capricious or without probable cause.
Since we have determined that the suit should be dismissed as premature we must reverse the award of penalties and attorney’s fees.
We have previously held that LSA-R.S. 22:658, providing for award of penalties and attorney’s fees against insurers, does not allow penalties where the main demand is premature. Moore v. American Motorist Insurance Company, 216 So.2d 674 (La.App. 3rd Cir. 1968), writs den., 218 So.2d 902 (La.1969). As stated in Roberie v. Ashy Construction Company, 215 So.2d 857 (La.App. 3rd Cir. 1968), writs den., 217 So.2d 414 (La.1969):
‘‘The penalty statute applicable to insurers, LSA-R.S. 22:658, is essentially the same as that applicable to uninsured employers, LSA — R.S. 23:1201.2, and hence jurisprudence construing one statute is persuasive in construing the other. Plaisance v. Collins Industries, Inc., 193 So.2d 876.” Footnote (7), page 864.
We conclude therefore that, since the penalty statute LSA R.S. 23:1201.2 is essentially the same as LSA R.S. 22:658, penalties and attorney’s fees cannot be awarded under LSA R.S. 23:1201.2 when the main demand is premature.
For the reasons assigned, the judgment of the trial court is reversed and. the plaintiff’s suit is ordered dismissed as of non-suit. Plaintiff appellee is assessed costs at the trial level and on appeal.
REVERSED AND RENDERED.
STOKER, J., concurs and assigns written reasons.
■ FORET, J., dissents and assigns written reasons.
LABORDE, J., dissents.