460 So.2d 769 (1984)
Ronald J. KIDDER, Plaintiff-Appellant,
v.
POWER RIG DRILLING COMPANY, INC., Defendant-Appellee.
No. 84-8.
Court of Appeal of Louisiana, Third Circuit.
December 12, 1984.
*770 Leonard J. Cline, Metairie, for plaintiff-appellant.
Davidson, Meaux, Sonnier & McElligott, John G. Swift, Lafayette, for defendant-appellee.
Before FORET, CUTRER, JJ., and CULPEPPER, J. Pro Tem.
CULPEPPER, Judge Pro Tem.
This is a worker's compensation case that was dismissed by the trial court on an exception of prematurity. Plaintiff, Ronald J. Kidder, now appeals the judgment of dismissal with prejudice in favor of defendant, Power Rig Drilling Company, Inc.
Essentially, Kidder urges three errors:
1) The exception of prematurity was procedurally defective in that it was not filed before the answer, and the trial court erred in not dismissing the exception.
2) The suit was not premature because there had been persistent arbitrary or capricious refusal by the defendant to pay medical expenses. Therefore, the court erred in dismissing the suit.
3) The court erred in dismissing the suit with prejudice.
The first issue is whether the exception should have been dismissed since it was not filed before the answer. Although Article 928 of the Code of Civil Procedure states that declinatory exceptions and dilatory exceptions shall be pleaded prior to answer or judgment by default, we believe the worker's compensation statutes create an exception to this rule.
Ordinarily, a defendant must file his answer within fifteen days after service of citation upon him, or if an exception is filed prior to answer, within ten days of the overruling of the exception or referral to the merits, or service of amended petition. LSA-C.C.P. 1001. However in worker's compensation cases the answer must be filed within ten days after service of the petition. LSA-R.S. 23:1315. The filing of exceptions to a worker's compensation petition by the defendant does not relieve him of the requirement to file an answer within ten days after service of the plaintiff's petition. Dolloile v. Landry, 234 So.2d 492 (La.App. 4th Cir.1970); Romero v. State Farm Fire & Casualty Company, 452 So.2d 382 (La.App. 3d Cir.1984). Here, Power Rig Drilling filed the exception and answer at the same time. Since they had to file an answer within ten days after service of the petition, filing of a dilatory exception at the same time as the answer was proper.
The next issue is whether the suit was premature. Kidder argues it was not since there had been a failure of the employer to pay a medical bill. The test for prematurity in a suit for compensation benefits is not whether there are unpaid medical bills but whether the injured employee has been furnished proper medical attention. Andrus v. Employers Insurance of Wausau, 348 So.2d 1337 (La.App. 3d Cir. 1977). Kidder does not allege nor does the record show that he has not been furnished proper medical attention.
The third issue is whether the court erred in dismissing the suit with prejudice. Defendant-appellee, Power Rig Drilling, concedes that where a suit has been dismissed on an exception of prematurity, the dismissal is without prejudice to the plaintiff's right to bring the action anew when matured. We agree that the judgment on the exception should be amended to dismiss plaintiff's suit without prejudice. LSA-C.C.P. art. 933, comment (c). We also agree with Power Rig Drilling that Kidder may not amend his pleadings. Where a suit has been dismissed on an exception of prematurity, the deficiency may not be cured by amended pleadings. Bank of St. Charles and Trust Company v. Ransome, 343 So.2d 1206, (La.App. 4th Cir.1977); Duncan v. Duncan, 359 So.2d 1310 (La.App. 1st Cir.1978).
The judgment of the trial court is amended to dismiss plaintiff's suit without prejudice. Otherwise, it is affirmed. Costs are assessed to the plaintiff-appellant.
AFFIRMED, AS AMENDED.