STOKER, Judge.
This is an appeal in a worker’s compensation case. The defendant insurance compa *1353 ny appeals the trial court’s overruling of an exception of prematurity and, alternatively, the finding that the plaintiff, Roger Dale White, is totally and permanently disabled rather than temporarily totally disabled. The plaintiff, White, answers the appeal contending the trial court erred in failing to award him penalties and attorney’s fees.
FACTS
Roger Dale White was injured on December 26, 1981, while working on an oil rig. He-was hit by a huge pipe which was being moved by a crane and chain, which struck him in the groin, cutting his scrotal sac. The crane operator pulled the pipe suddenly to prevent it from hitting petitioner again. By doing so, the pipe caught petitioner and caused him to straddle the pipe which moved again and knocked him up against a guardrail. Petitioner then fell off the pipe and landed on a railing, striking the railing across his low back and causing a sudden jolt to his neck and back. He was employed by Merit Drilling Company at the time, and the accident occurred during the course and scope of his employment.
White was taken to Marksville General Hospital and treated in the emergency room for the cut in his scrotal sac. He was subsequently seen by his family physician, Dr. L.J. Mayeaux, who recommended that he see orthopedist, Dr. Douglas Gamburg, and urologist, Dr. Leo Lowentritt. White was treated by Dr. Lowentritt. He saw Dr. Gamburg once, and then began seeing Dr. P.M. Davis, another orthopedist who has treated him since. From the time he began treatment with Dr. Davis in January, 1982, through the date of trial on October 31, 1983, Mr. White has shown little improvement in the condition of his back and neck.
White is also being treated by Dr. William Cloyd, a neuropsychiatrist in Lafayette. White has seen two other orthopedists, Dr. F.C. McMains in Baton Rouge, and Dr. Bruce Razza in New Orleans. National Union Fire Insurance Company, Merit Drilling Company’s worker’s compensation insurer, denied the payment of the medical bills of Dr. McMains and Dr. Raz-za. White sued for worker’s compensation benefits, medical expenses, including travel expenses, penalties and attorney’s fees, and to be declared totally and permanently disabled.
TRIAL COURT RULING
The trial court overruled the exception of prematurity and found the plaintiff totally and permanently disabled, and awarded him worker’s compensation benefits, plus all medical, including the medical treatment by Dr. McMains and Dr. Bruze Razza, and all medical travel expenses up to the statutory limit. White’s claim for attorney’s fees and penalties was denied.
EXCEPTION OF PREMATURITY
On appeal, National Union Fire Insurance Company argues that the case should have been dismissed on the exception of prematurity. Parenthetically we note that under certain conditions to be noted below a petition for worker’s compensation may be premature as provided in LSA-R.S. 23:1314. Under this section if a petition is found to be premature, it shall be dismissed. Subsection C of the section provides: “The court shall determine whether the petition is premature and must be dismissed before proceeding with the hearing of the other issues involved with the claim.” (Emphasis supplied) This was not done in this case. The exception of prematurity, without articulating the specific basis therefor, was filed as a part of defendant’s answer as a final allegation. Paragraph one of defendant’s prayer asked that the exception be maintained and that the petition be dismissed. Paragraph two is an alternative plea which prays that plaintiff’s demands be rejected which would be on the merits. In fact, the parties proceeded to trial on the merits without disposing of the exception. In the course of the trial, counsel for defendant requested that the exception of prematurity be referred to the merits to which the court agreed. Tr. 59 and 60.
In its reasons for judgment the trial court overruled the exception of prematuri *1354 ty without discussion and proceeded to a discussion of the merits of the case. We are not certain as to what posture the exception was in when it was not disposed of prior to trial of the merits and was referred to its merits. Obviously defendant waived its privilege of having the exception determined prior to trial on the merits. We decline to rule or comment on the procedure adopted because in this instance we agree with the trial court and hold that there was no merit to the exception. Briefly stated our reasons are as follows:
LSA-R.S. 23:1314 provides that an employee’s compensation suit shall be dismissed as premature unless the petition alleges: (1) That the employee is not being paid or has not been paid the maximum percent of wages to which he is entitled; (2) that the employee has not been furnished the proper medical attention; or (3) that the employee has not been furnished with copies of the medical reports after a written request.
Here White’s petition alleges that he has suffered severe injuries as a result of his accident and continued to suffer the injuries as of the date of the petition, that doctors have prescribed a course of treatment and hospitalization for further tests, and that defendants have advised plaintiff that they are denying payment of plaintiff’s medical bills and for any further tests or medical treatment. The allegation that the defendant has refused to pay for further treatment and that doctors have prescribed treatment is sufficient to allege that he has not been furnished the proper medical attention.
The defendant insurer argues that the suit was premature because White had been furnished with all the reasonable and necessary medical attention, and allegations that he was not furnished with proper medical attention are unreasonable. Defendant argues that the petition must be dismissed under LSA-R.S. 23:1314, which at the time of the injury stated in part, “[W]hen such allegations are contained in such petition and are denied by the employer at the time fixed thereunder by court, if it be shown that such allegations are without reasonable cause or foundation in fact, such petition shall be dismissed.” Defendant contends it has provided White with a competent orthopedist, Dr. Davis, and that it is unreasonable for plaintiff to continue to seek treatment from other doctors. Defendant argues that plaintiff was doctor shopping and that he would have continued to seek treatment from other doctors until he found one who would run more tests.
We do not find it unreasonable for White to seek further medical treatment. There was no evidence that he had made any progress under Dr. Davis after more than a year of treatment. Dr. Razza’s diagnosis of injury to a disc was different from the diagnosis of the other orthopedists White had seen. The trial court did not err in denying the exception of prematurity.
The situation here with reference to the exception should be distinguished from the exceptions of prematurity involved in such cases as Ducote v. Harris, 335 So.2d 91 (La.App.3rd Cir.1976); Cooley v. Liberty Mutual Insurance Company, 346 So.2d 1352 (La.App.3rd Cir.1977), writ denied, 350 So.2d 903 (La.1977), and Sam v. Standard Fittings Company, 389 So.2d 792 (La.App.3rd Cir.1980), writ applied for, withdrawn, 395 So.2d 812 (La.1980). These cases apply the principle that with reference to medical benefits the test is not whether the employer has refused to pay the medical bills incurred, but instead it is whether the employee has not been furnished the proper medical attention. Here we are concerned with further medical attention to which the plaintiff, Roger Dale White, is entitled and which the defendant has flatly stated it will not pay for. In the Ducote, Cooley and Sam cases the claimant had received medical attention and the issue was payment for the services. This was interpreted to mean that the employee had “been furnished the property medical attention” as the words are employed in the statute, LSA-R.S. 23:1314, Subpara-graph A(3). Here, plaintiff has established that he is entitled to further medical services, and defendant has taken the position that plaintiff has been provided with all the *1355 medical attention he needs and defendant will not authorize or pay for any additional services.
MERITS OF THE CASE
The second argument the insurance company makes is that White is entitled only to an award of temporary total disability and not that of total and permanent disability. There has been little or no improvement in the condition of White’s back and neck. There is no conclusive indication that it will improve enough for him to work, and, of course, no indication of when such improvement would occur. In February of 1982, Dr. Davis predicted White could return to work in six weeks. In October of 1982, he predicted he could return to work as a roughneck in one to two months. In October, 1983, he was still unable to work. Dr. Cloyd testified in his deposition that White would be disabled to engage in any employment during his one to two years of psychotherapy treatment. Dr. Razza stated in his deposition that further tests were needed to tell how much, if any, of White’s disability would be permanent. He also stated that if White suffers from the disc disease he suspects he has, he is not likely to improve with time. The condition is more likely to get progressively worse with time.
The trial judge was not clearly wrong in finding White permanently and totally disabled.
The third and final issue is- whether the court erred in failing to award White penalties and attorney’s fees. Under LSA-R.S. 22:658, insurers must pay penalties for failure to make payments when such failure is found to be arbitrary, capricious, or without probable cause. We agree with the trial court, that under the circumstances the defendant was not arbitrary or capricious in the handling of this matter. The insurer paid for some medical treatment. There was a reasonable dispute over whether White required further medical treatment by other doctors. The judgment of the trial court is affirmed.
AFFIRMED.
DOMENGEAUX, J., dissents and assigns reasons.