LABORDE, Judge.
The defendant, Employers National Insurance Company, appeals from the ruling of the trial court granting worker’s compensation benefits and awarding penalties and attorney fees. We reverse and dismiss.
FACTS
On February 25, 1980, the plaintiff, Wendell B. Moore, informed his foreman that he injured his back while attempting to install large pipe. Mr. Moore had chronic pain but was able to continue working. Whenever the pain got bad enough, he was treated by a chiropractor.
In June of 1980, the plaintiff injured his back again. This injury occurred at home when he attempted to pick up the head of a motor. After this second injury, he was unable to work and, therefore, filed a claim for compensation benefits. The defendant, insurer of the employer, promptly began paying weekly benefits in the amount of $148 per week. This amount was the maximum weekly benefits available to plaintiff and these weekly benefits were never dis *30 continued by defendant. The defendant also paid all medical expenses, including the expenses incurred by the plaintiff for visits to a chiropractor between February, 1980, and June, 1980.
A payment of medical travel expenses was also made in October, 1980. The payment (10$ per mile) was made on a mileage basis without any determination of plaintiffs actual travel expenses.
On January 15, 1981, the plaintiff, Wendell B. Moore, filed a petition praying for all benefits to which he is entitled under the Worker’s Compensation Act of Louisiana. The defendant was not served with the petition until February 2, 1981. In response to the petition, the defendant simultaneously filed an exception of prematurity and an answer. The trial court overruled the exception holding that the plaintiffs petition contained allegations that “there [are] sums due for travel expenses which remained unpaid for a period in excess of sixty days, and ... that this failure to pay was arbitrary and capricious.” [1]
The parties presented evidence at trial on issues of the defendant’s liability for medical travel expenses and whether defendant acted in an arbitrary and capricious manner. Post trial depositions of the plaintiff and of the plaintiff’s doctors were also submitted to the trial court as evidence. The post trial depositions focused mainly on questions concerning the plaintiff’s injury, such as his degree of disability and his entitlement to weekly compensation benefits.
The trial court ruled, (1) that the plaintiff was injured on February 25, 1980, while in the course and scope of his employment; (2) that the injury rendered the plaintiff totally and permanently disabled; (3) that the defendant was arbitrary and capricious for choosing to pay 10$ per mile for medical travel expenses; and (4) that the defendant was arbitrary and capricious in failing to pay the medical travel expenses owed within sixty days of being presented proper proof of said expenses. The judgment awarded to the plaintiff statutory penalties, pursuant to LSA-R.S. 22:658, in the amount of $5,000 for attorney fees and 12% on the medical travel expenses totaling $339.50, which was due at the time the lawsuit was filed, the interest being calculated from January 15, 1980.[2] The judgment also awarded the plaintiff weekly total and permanent disability compensation benefits beginning February 25, 1980, with the defendant given credit for all compensation benefits previously paid.
On appeal, the defendant contends the trial court committed the following errors:
I.The trial court improperly overruled the defendant’s exception of prematurity.
II.The trial court failed to recognize that the issue of medical travel expenses is separate and distinct from the issues of degree of disability and weekly compensation benefits.
III.Alternatively, the trial court erred in finding the plaintiff to be totally and permanently disabled. '
IY. The trial court erred in finding the defendants to have acted in an arbitrary and capricious manner or without probable cause and should not have assessed penalties and attorney fees.
V. Alternatively, the amount of attorney fees awarded was an abuse of discretion and grossly excessive considering the facts and circumstances of the ease.
YI. Alternatively, the trial court erred in failing to find that the work-related incident which occurred on February 25, 1980, was not a cause in fact of the plaintiff’s disability.
*31 Since we find that the trial court improperly dismissed the exception of prematurity, we need to discuss only the first assignment of error.
PREMATURITY
Chapter 10 of the Worker’s Compensation Act of Louisiana[3] provides the remedies for a worker to recover the costs of injuries that are incident to the workplace. One such remedy is a claim for compensation benefits. LSA-R.S. 23:1311 et seq. A second such remedy is a claim for medical expenses (the expense of travel for medical treatment is considered a medical expense). LSA-R.S. 23:1203; Brown v. Travelers Insurance Company, 247 La. 7, 169 So.2d 540, 543 (1964).
A claim for compensation benefits involves a request for disability benefits, medical expenses, medical travel expenses, and, in the appropriate case, penalties and attorney fees. LSA-R.S. 23:1201 et seq. In other words, a claim for medical expenses (when argued at trial) is encompassed within a claim for compensation benefits. LSA-R.S. 23:1203; Sewell v. Argonaut Southwest Insurance Co., 362 So.2d 758, 759 (La.1978). However, there is an independent claim for medical expenses that is not necessarily dependent upon the filing of a claim for compensation benefits. Dove v. Liberty Mutual Insurance Company, 379 So.2d 1193, 1194-5 (La.App. 3rd Cir.1980); Andrus v. Employers Insurance of Wausau, 348 So.2d 1337, 1338 (La.App. 3rd Cir.1977); Lanoue v. Century Indemnity Co., 30 So.2d 207, 210 (La.App. 1st Cir.), writ denied (La.1947).
There are situations where the employer owes medical expenses but the employee’s claim for compensation benefits is premature. Id. This problem arises because the ripeness of a claim for compensation benefits is under the control of the employer. The employer can avert a claim for compensation benefits by (1) paying full compensation, (2) providing the employee with proper medical attention, and (3) furnishing the employee with copies of any medical reports in its possession. LSA-R.S. 23:1314. Therefore, the employer can refuse to pay medical expenses without subjecting itself to litigation over compensation benefits. Lanoue v. Century Indemnity Co., 30 So.2d at 210. In response, the courts have recognized the employee’s independent action for medical expenses. Dove v. Liberty Mutual Insurance Co., 379 So.2d at 1194-5.
The filing of a claim for workmen’s compensation benefits is premature if a verified petition fails to allege that:
“... the employee or the dependents is not being or has not been paid, and that the employer has refused to pay, the maximum percent of wages to which petitioner is entitled under the provisions of this Chapter, or that the employee has not been furnished the proper medical attention, or that the employee has not been furnished with copies of the reports of examination or examinations made by employer’s medical practitioners after written request therefor has been made under the provisions of this Chapter
LSA-R.S. 23:1314. (West 1965) Amended by Acts 1983, 1st Ex.Sess., No. 1, sec. 1, eff. July 1, 1983.
The petition filed by the plaintiff in this suit does not set forth the allegations stated above. Therefore, if a claim for compensation benefits was made by the plaintiff, it is premature and shall be dismissed. LSA-R.S. 23:1314.
The question of prematurity was presented to the trial court by the filing of a dilatory exception on behalf of the defendant. The exception was filed at the same time the defendant filed his answer. The general rule is that dilatory exceptions shall be pleaded prior to answer or judg *32 ment by default. La.C.C.P. art. 928. However the worker’s compensation statutes create an anomaly to this general rule. Kidder v. Power Rig Drilling Company, Inc., 460 So.2d 769 (La.App. 3rd Cir.1984), at 770. Pleading exceptions to a claim for compensation benefits does not relieve the defendant from the requirement to file an answer within ten days after service of the plaintiffs petition. LSA-R.S. 23:1315. Therefore, when responding to a claim for compensation benefits, a dilatory exception and an answer can be filed at the same time. Kidder v. Power Rig Drilling Company, Inc., at 770. However, in the present case, the trial judge concluded that the plaintiff filed a claim solely for medical travel expenses rather than a claim for compensation benefits.[4]
The question arises whether an independent demand for medical travel expenses is controlled by the procedural provisions of the Louisiana Worker’s Compensation Law. Specifically, should the defendant either be required to plead a dilatory exception prior to answer or judgment by default (in accordance with the general rule of civil procedure), or be permitted to plead a dilatory exception at the same time as the answer (in accordance with the exception to the general rule created by the worker’s compensation statutes). If the former is the rule of law, then defendant’s plea of prematurity to the claim for medical expenses was waived by simultaneously filing its exception and its answer. La.C.C.P. art. 928.
In some circumstances, the courts have not required a demand for medical travel expenses to follow the procedural provisions of the Louisiana’s Worker’s Compensation Law. The filing of a claim for medical expenses can be independently asserted without meeting the allegation requirement of LSA-R.S. 23:1314.[5] Dove v. Liberty Mutual Insurance Company, 379 So.2d at 1194-5; Andrus v. Employers Insurance of Wausau, 348 So.2d 1337, 1338 (La.App. 3rd Cir.1977); Cooley v. Liberty Mutual Insurance Co., 346 So.2d 1352, 1354 (La.App. 3rd Cir.1977). In the above cited cases, different panels of this court have dismissed plaintiffs’ claims for compensation benefits (which included requests for medical expenses) when the plaintiffs could not comply with the requirements of Section 1314. The courts, however, recognized that the plaintiffs could bring a separate and independent claim for the medical expenses. Therefore the procedural requirements required to file a claim for compensation benefits may not apply when filing a claim for medical expenses.
*33 Section 1314 is found in Sub-part B, Part IV, Chapter 10 of Title 23 of the Louisiana Revised Statutes of 1950. Sub-part B sets forth the procedural requirements for a claim for compensation benefits. See LSA-R.S. 1311 et seq. It has been shown above that a claim for medical expenses is separate and independent of a claim for compensation benefits. Therefore, it can be argued that Sub-part B should not apply to a claim for medical expenses. However, the Louisiana Supreme Court has applied Section 1317, also within Sub-part B,- to such an action. Sewell v. Argonaut Southwest Insurance Co., 362 So.2d at 760.
Section 1315, also within Sub-part B, requires the defendant of a claim for compensation benefits to file its answer within 10 days of service of the petition despite the filing of any exceptions. Kidder v. Power Rig Drilling Company, Inc., at 770. Section 1315 is the basis for the anomaly to La.C.C.P. art. 928. Id. The anomaly states that a defendant to a claim for compensation benefits may file his dilatory exception at the same time as its answer. Id. If Section 1315 applies to the independent claim for medical expenses then the defendant may file its dilatory exception at the same time as his answer.
Whether Section 1315 applies to a claim for medical expenses has never before been decided by this court. Nevertheless we do not find it necessary to decide the issue in this case. Instead, we find the trial judge improperly concluded that the plaintiff filed a claim solely for medical travel expenses. We construe plaintiff’s petition to be a claim for compensation benefits.
The prayer of plaintiff’s petition filed on January 15, 1981, asked that “there be judgment in his favor ... for all the benefits to which he is entitled under the Workmen’s Compensation Act of Louisiana, _”[6] Such a prayer goes beyond a request for the payment of medical travel expenses and requests the payment of all compensation benefits due. As discussed above, a claim for compensation benefits encompasses a request for medical travel expenses, but, when the plaintiff fails to comply with Section 1314, his entire claim is dismissed is premature. The plaintiff failed to set forth the allegations required by Section 1314, therefore, we hold that the plaintiff’s claim for compensation benefits is premature and shall be dismissed.
DECREE
Based on the above reasons, the judgment of the trial court is reversed and dismissed. The costs of the trial court and the costs of this appeal are taxed to the party that incurred them.
REVERSED AND DISMISSED.

. See Record p. 52.

. It is contended that the trial judge erred in awarding the plaintiff an adjustment of medical travel expenses when the same had already been paid prior to the trial. The judgment does not award an adjustment of travel expenses. It only awards a 12⅜ penalty on the amount of travel expenses not paid before this suit was filed. See Record p. 172.

. Acts 1983, 1st Ex.Sess., No. 1, sec. 1, effective July 1, 1983, contained numerous enactments and amendments within Chapter 10 of Title 23 of the Louisiana Revised Statutes of 1950. However, all pertinent facts in this case occurred prior to July 1, 1983, and, therefore, will be decided under the law as it existed prior to these latest amendments.

. The trial judge did render a decision on issues that could be decided only if a claim for compensation benefits was before the court. Such issues included: the plaintiffs right to compensation benefits beginning February 25, 1980, and the degree of disability of the plaintiff. After dismissing the defendant’s exception of prematurity, the trial judge found that the defendant’s answer expanded the pleadings to encompass the issue of compensation benefits because the defendant refused to admit that plaintiff was entitled to workman’s compensation benefits. The correctness of such a conclusion (in light of LSA-R.S. 23:1204) will not be decided by this court because we find the plaintiff’s complaint is premature and shall be dismissed.

. LSA-R.S. 23:1314 (West 1964), amended by Acts 1983, 1 Ex.Sess., No. 1, sec. 1, effective July 1, 1983:
"Unless in the verified petition above referred to it is alleged (where the petition is filed by the employee or his dependents) that the employee or the dependents is not being or has not been paid, and that the employer has refused to pay, the maximum percent of wages to which petitioner is entitled under the provisions of this Chapter, or that the employee has not been furnished the proper medical attention, or that the employee has not been furnished with copies of the reports of examination or examinations made by employer’s medical practitioners after written request therefor has been made under the provisions of this Chapter, the presentation or filing of such petition shall be premature and shall be dismissed; when such allegations are contained in such petition and are denied by the employer at the time fixed thereunder by the court, if it be shown that such allegations are without reasonable cause or foundation in fact, such petition shall be dismissed; and the question of whether or not such allegations of nonpayment or of failure to render medical attention or failure to furnish medical reports is justified under the facts shall be determined by the court before proceeding with the hearing of the other issues involved. As amended Acts 1950, No. 539, sec. 1.”

. See Record p. 4.