WILLIAMS, Judge.
In this appeal, plaintiff claims the trial court erred in maintaining defendants’ dilatory exception raising the objection of prematurity. Plaintiff asserts his worker’s compensation suit was wrongfully dismissed because his petition complied with the pleading requirements of LSA-R.S. 23:1314(A). We disagree and affirm the lower court’s judgment. The trial court properly maintained the dilatory exception and dismissed plaintiff’s petition because LSA-R.S. 23:1314(B) directs that, when plaintiff’s petition makes the allegations required by Subsection A “without reasonable cause or foundation in fact,” the “petition shall be dismissed.”
FACTUAL AND PROCEDURAL HISTORY
Plaintiff, James V. Murphy, Jr., was injured on September 25, 1987 while working as a pre-mix/post-mix service technician for defendant, the Louisiana Coca-Cola Bottling Co., Ltd. Immediately following his injury, defendant and co-defendant, National Union Fire Insurance Co., began paying plaintiff his full weekly compensation payments and his medical bills. Defendants have continued making the compensation payments and paying plaintiffs medical bills through the present time. None of plaintiff’s requests for payments or for medicals have been denied by defendants.
Plaintiff has continuously been treated by physicians of his own choice. Nevertheless, after plaintiff retained counsel, defendants were requested to produce medical reports and/or records. Defendants did not comply with the request because plaintiffs medical reports and records were within plaintiff’s possession, and plaintiff had not been requested by defendants to undergo any medical examinations. However, in response to defendants’ lack of compliance with the request, plaintiff filed a claim with the Office of Worker’s Compensation (OWC). The claim asserted defendants arbitrarily and capriciously refused to provide plaintiff with requested medical reports.
On January 26, 1989, the Director of the OWC issued his recommendation which found defendants had not breached their duty to provide plaintiff with medical reports as per LSA-R.S. 23:1125 [1] and which denied plaintiff penalties and attorney’s fees.[2]
*554 Plaintiff rejected the Director’s recommendation and filed suit on February 9, 1989. The petition does not aver that defendants failed to provide plaintiff with medical reports as per LSA-R.S. 23:1125. Rather, the petition contains a general claim for compensation benefits, averring defendants “have neglected, failed, terminated, and/or refused to pay your petitioner further weekly compensation in the sum of $262. and/or pay or authorize needed medical benefits,” and that as “a result of the arbitrary, capricious, and/or wanton failure, refusal, and/or neglect to pay the plaintiff the weekly benefits, as well as their failure or refusal to authorize and/or reimburse the plaintiff for the needed medical care ... defendants should be required to pay attorney fees and penalties.”
On April 7, 1989 defendants answered and filed an “Exception of Prematurity and/or No Cause of Action.” [3] The memo-randa supporting these dilatory and peremptory exceptions declare defendants have never refused to pay plaintiff weekly compensation benefits, terminated his weekly compensation benefits, and/or refused to authorize or reimburse him for needed medical care, medical transporation or expenses. Moreover, the documents contend plaintiffs request for medical records and complaint to the OWC was a fabricated controversy, manufactured merely so plaintiff could file suit to obtain penalties and attorney’s fees.
Trial of the exceptions was held on January 12, 1990. At the hearing, defendants attempted to call witnesses to support their exceptions.[4] Defendants’ request was denied. Defendants argued they paid all of plaintiff’s medical bills, paid him weekly compensation, and never denied him medical attention. Plaintiff countered by asserting defendants made him undergo medical care as an out-patient when he wanted it done as an in-patient. Plaintiff also produced an invoice from Tulane Medical Center which defendants claimed they had never before seen. Defendants’ latter assertion was not contested.
After inquiring whether plaintiff’s counsel was attempting to become plaintiff’s beneficiary, the trial court maintained the dilatory exception, declaring the court was “satisfied that there is nothing that is going to benefit the client. The only award would be to a lawyer and [the court is] not going to allow compensation cases ... to be used solely for the purpose of making money for the lawyers.” Plaintiff’s counsel then attempted to introduce into evidence a bill from plaintiff’s original attorney as well as plaintiff’s medical records. The court denied the request as being improper since the court had already maintained the dilatory exception. The written judgment sustaining the dilatory exception and dismissing plaintiff’s suit was signed on January 19, 1990.
LEGAL PRECEPTS
In the interest of encouraging prompt attention to claims of injured workers, the Worker’s Compensation Act provides that the employer is immune from suit so long as it is paying the maximum amount of compensation to which the worker is entitled, is furnishing necessary medical treatment, and is providing reports of examining physicians if requested to do so. Worker’s Compensation, 2d Ed., La. Civ.Law Treatise, Vol. 14, Sec. 383. Through LSA-R.S. 23:1314 the employer is permitted to interpose the dilatory exception raising the objection of prematurity when the worker’s petition fails to allege that the employer has not complied with these three requirements, or makes such *555 allegations “without reasonable cause or foundation in fact.” Id.
The portion of Section 1314 which authorizes the exception provides as follows:
1314. Necessary allegations; dismissal of premature petition
A. The presentation and filing of the petition under R.S. 23:1311 shall be premature unless it is alleged in the petition that the claim for compensation has been submitted to the office for informal resolution and that such attempt to informally resolve the claim has failed and:
(1) The employee or dependent is not being or has not been paid, and the employer has refused to pay, the maximum percentage of wages to which the petitioner is entitled under the Chapter; or
(2) The employee has not been furnished the proper medical attention, or the employer or insurer has not paid for medical attention furnished; or
(3) The employee has not been furnished copies of the reports of examination made by the employer’s medical practitioners after written request therefor has been made under this Chapter; or
(4) The employer or insurer has not paid penalties or attorney’s fees to which the employee or his dependent is entitled.
B. The petition shall be dismissed when the allegations in Subsection (A) of this Section are denied by the employer and are shown at the time fixed by the court to be without reasonable cause or foundation in fact or if the plaintiff has not presented to the court at or prior to the time of hearing a copy of the certificate of rejection required by R.S. 23:1310.1. (emphasis added)[5]
Thus, to survive an exception of prematurity the worker’s compensation petition must 1) allege the claim for compensation has been submitted to the OWC for informal resolution, 2) allege the attempt to informally resolve the claim has failed, and 3) allege at least one of the allegations in Subsection A; and, at the hearing on the exception, defendant must not show plaintiff’s allegations pertaining to Subsection A are “without reasonable cause or foundation in fact.”
APPLICATION OF PRECEPTS
Plaintiff’s first claim is that the trial court erred in dismissing his worker’s compensation suit because he needs an attorney to protect him from defendants. This claim, however, is not one of the allegations set forth in Subsection A so it is insufficient to defeat an objection of prematurity.
Plaintiff claims that he needs the protection of an attorney because defendants are tardy in tendering their medical and compensation payments. Plaintiff’s claims, however, are conclusory. Documents and exhibits in the record do not support the allegations. Rather, the record supports the trial court’s determination that plaintiff’s allegations which fulfill the pleading requirements of Subsection A are “without reasonable cause or foundation in fact.” Therefore, this claim is meritless.
Plaintiff’s second claim is that this suit is not premature because, at the time suit was filed, defendants owed him $250 for failing to timely furnish him with requested medical records, plus reasonable attorney’s fees, in accordance with LSA-R.S. 23:1125. This claim is not relevant.
Through their exception, defendants contend plaintiff’s counsel presented them with a spurious request for medical records. When they did not act upon the request, defendants claim plaintiff’s counsel filed a groundless OWC complaint against them. After the OWC found defendants had not breached their duty to provide plaintiff with medical reports, and denied plaintiff penalties and attorney’s fees, plaintiff failed to reassert allegations of the breach in his petition. Thus, plain *556 tiff abandoned the claim for medical records, penalties and fees raised in his complaint to the OWC.
Plaintiffs final claim is that the trial court erred in denying his request to introduce evidence at the trial of the exception. Plaintiff, however, failed to properly preserve this issue for appellate review. When the trial court denied the request, plaintiff did not object to the ruling or proffer evidence under LSA-C.C.P. art. 1636. Plaintiff, therefore, lost his right to object to the exclusion of evidence. Joseph v. Mid-American Indem. Co., 532 So.2d 347 (La.App. 3d Cir.1988); Engineered Mechanical Services, Inc. v. Langlois, 464 So.2d 329 (La.App. 1st Cir.1984), writ den., 467 So.2d 531 (La.1985); Jeffers v. Amoco Production Co., Inc., 405 So.2d 1227 (La. App. 1st Cir.1981)[“It is incumbent upon counsel who contends his evidence was improperly excluded to make a proffer ... and if he fails to do so, he cannot contend such an exclusion was error.”].
For the reasons assigned, the judgment of the trial court maintaining the dilatory exception and dismissing plaintiffs suit is affirmed at plaintiffs cost.
AFFIRMED.

. LSA-R.S. 23:1125 provides as follows:
Section 1125. Right of Employee to written report of medical examination; penalty for failure to furnish
Whenever an employee, whether injured or not, shall at the request of the employer submit to any type of medical examination and a medical report is received by said employer, such employee ... shall be entitled to a copy of the written report of the results of said examination within thirty days from the date of written demand upon the employer for such report ... Any employer who without just cause fails to furnish such report to an employee so requesting same within the thirty day period provided above shall be liable to the employee for a civil penalty in the amount of $250.00, plus a reasonable attorney’s fee for the collection of such penalty.

. The Director’s Recommendation on form LDOL-WC-1008 provides in pertinent part as follows: "It is further recommended that the insurer is not liable for the administrative penalty under R.S. 23:1125 since it has not been shown that the insurer refused to provide the *554 claimant with a copy of a medical report the insurer received from the doctor it chose to examine/treat the plaintiff.”

. Kidder v. Power Rig Drilling Co., Inc., 460 So.2d 769 (La.App. 3rd Cir.1984) [in worker’s compensation cases, the filing of a dilatory exception of prematurity at the same time as the answer is proper]; Moore v. Employers National Insurance Co., 464 So.2d 29 (La.App. 3d Cir. 1985), writ den., 467 So.2d 1136 (La.1985).

. For purposes of ruling on the peremptory exception raising the objection of no cause of action, no evidence may be introduced to support or controvert the exception. LSA-C.C.P. art. 931; Penalber v. Blount, 550 So.2d 577 (La. 1989).

. The text of Section 1314 quoted, is the text enacted by Acts 1989, No. 23, section 1, effective June 15, 1989. The 1989 enactment restored the text of Section 1314 as it existed prior to its amendment by Acts 1988, No. 938, section 1. The altered text primarily pertains to the replacement of administrative officers with the district court.